## CARLTON HOTCHKISS ET AL. *v.* ALFRED LADD'S ESTATE.

*The Probate Court may vacate its decree admitting a will to probate.*

Where the estate is still undistributed, the Probate Court may, in its discretion, vacate its decree admitting a will to probate, upon the petition of a minor, who, at the time of probating the will, had no statutory guardian, and was not represented.

This was an appeal to the County Court from an order of the Probate Court for the District of Franklin, denying a petition to vacate a decree of said Probate Court admitting to probate the will of Alfred Ladd. The petition was dated February 22, 1887.

In the County Court the defendant filed a motion to dismiss the appeal, and the same was dismissed, *pro forma,* at the April Term, 1888, VEAZEY, J., presiding. The petitioners except. The case appears in the opinion.

*Ballard & Burleson,* for the petitioners.

The Probate Court has power to revise and vacate its decrees. *Smith* v. *Rix,* 9 Vt. 240 ; *Rix* v. *Smith,* 8 Vt. 365 ; *Adams* v. *Adams,* 21 Vt. 162 ; *French* v. *Winsor,* 24 Vt. 407 ; *Stone* v. *Learsby,* 28 Vt. 720 ; *Odam* v. *Thompson,* 2 Hawks (N. C.) 24.

It may grant the re-probate of a will. *Odam* v. *Thompson, supra ; Congdon* v. *Congdon,* 59 Vt. 597.

*Guy C. Noble,* for the petitionee.

The decree of the Probate Court admitting the will to probate cannot be disturbed. *Vt. Baptist State Convention* v. *Ladd's Estate,* 59 Vt. 5 ; 3 Redfield Wills, 29, 58 and 61 ; R. L. s. 2049 ; Williams Executors, 549, 618.

Hotchkiss et al. *v.* Ladd's Estate.

The opinion of the court was delivered by

POWERS, J. The petition recites in substance that the appellants are the legal guardians of three minor children who are heirs at law of Alfred Ladd, deceased; that in 1882 an instrument purporting to be the last will of said Alfred Ladd was, upon the customary notice, duly probated. The appellants say that the decree of the Probate Court establishing said will was erroneous, in that the said Alfred Ladd at the time when said will was executed, lacked the mental capacity requisite to make a valid will, and that the minor children whom they represent are interested in Alfred Ladd's estate as heirs, and thus have been wronged by the decree aforesaid.

It is conceded that the estate has not been distributed, but remains within the control of the Probate Court.

The prayer of the appellants' petition to the Probate Court is that said court will vacate its decree admitting said will to probate, and proceed to hear the question *de novo*. The minors had no statutory guardian at the time of such probate and no one appeared to represent their interests.

The Probate Court denied the prayer of the petition solely on the ground that it had no power to vacate its decree and re-try the question whether said will should be admitted to probate and the sole question for our consideration is, whether the Probate Court had jurisdiction to entertain such a petition.

The Probate Court under our statute has plenary jurisdiction over the probate of wills. It may therefore do any and all things essential to make its action effective in the premises. Its duty is to admit to probate wills executed under the requisite formalities and by testators qualified and competent to make such wills. If either of these conditions is wanting, its duty is to reject proposed wills.

No statute requires personal notice to the heirs at law of a will offered for probate. A general notice by publication to whom it may concern, is all that is required.

It is easy to see that under such regulations respecting the notice of the proposed probate of a will, minors, having no person to answer for them, and persons living at remote distances from the locality where the proceedings are instituted, are exposed to some peril in respect to their rights in the estates of deceased persons. There may be no fraud, accident or mistake that would warrant relief under the statute made and provided for such cases. This case is not claimed to be within the scope of that statute. The necessities of the case demand that the power to revise its decrees should exist in the Probate Court in cases like this. All courts of general jurisdiction have not only the enumerated powers given them respecting subjects-matter over which they are given jurisdiction, but also all incidental and unnamed powers necessary to enable them to work out justice in the exercise of their jurisdiction. Accordingly it is well-settled that the County Court may order forward a case that has gone to judgment at a former term, and, if no rights of third persons have intervened, may upset the judgment and render a new one. So long as the parties to the cause remain the same and they alone are affected, the court can do or undo what to justice appertains in settling their controversies, and this is but carrying out to its true result the theory upon which courts are organized. It is not forgotten that the exercise of this power is not to be resorted to in all cases when it may be invoked, as it is for the interest of the public that litigation be restrained, yet it is not to be forgotten that the power exists and should be exercised whenever justice demands it and that it is more for the interests of the public that causes be ultimately settled *right* than that they be settled, right *or* wrong.

This view of the power of the Probate Court has received the sanction of this court in repeated instances. Thus in *Smith* v. *Rix*, 9 Vt. 240, it was held that a decree of the Probate Court settling the accounts of an administrator might be opened and corrected after the lapse of many years. In *Adams* v. *Adams*, 21 Vt. 162, the same thing was done and the court says, " This power of revision of previous proceedings, in some form or

another, has always been considered as incidental to all courts of general jurisdiction, and from the nature and character of the proceedings of the Probate Court, seems peculiarly necessary to its safe and satisfactory administration of justice." In *French* v. *Winsor*, 24 Vt. 407, the same doctrine is enunciated. The same holding is made in Massachusetts. *Stearns* v. *Stearns*, 1 Pick. 157 ; *Boynton* v. *Dyer*, 18 Pick. 1.

Now the settlement of an administrator's account is one of the matters within the exclusive jurisdiction of the Probate Court. So is the allowance or disallowance of a will. The court in each case has the same general jurisdiction. It would seem to follow, if in the former case the court can revise its decree, that it can upon the same ground do it in the latter. And so it was held in *Waters* v. *Stickney*, 12 Allen, 1. See also, *Odam* v. *Thompson*, 2 Hawks. (N. C.) 24 and a long list of authorities cited in Williams Executors, 643, note o.

We are only called upon to say whether the court in this case had the power to entertain this petition and we hold that it had. It still held its grip upon the assets of the estate and until it let go, it could control their distribution.

*The judgment of the County Court is reversed. Judgment to be certified to Probate Court.*