MERRILL TRUST COMPANY, Appellant from Decree of Judge of Probate,

*vs.*

HATTIE M. HARTFORD.

Hancock.     Opinion December 22, 1908.

*Probate Court. Appeal. Findings of Fact. Annulment of Decree. Will. Same Probated. Decree Admitting to Probate may be Annulled. Estoppel. Laches. Record of Probate Court. Death of Executor and Residuary Legatee.*

1. The Supreme Court of Probate upon an appeal from the probate court cannot consider questions not raised by proper allegations in the reasons of appeal.

2. If the findings of fact by the probate court are not assigned as error in the reasons of appeal, such findings cannot be questioned in the appellate court.

3. The probate court has the power upon subsequent petition, notice and hearing, to vacate and annul a prior decree, even a decree probating a will, clearly shown to be without foundation in law or fact and in derogation of legal right.

4. If after the probate of a will, it is made to appear upon proper proceedings that the supposed will was not in fact signed by the supposed testator or by some person for him at his request and in his presence, or was not in fact subscribed in his presence by three credible attesting witnesses not beneficially interested, or was probated without legal evidence of such facts, the decree probating the will should be vacated and annulled.

5. The fact that no appeal was taken from the original decree probating the will, does not bar a subsequent petition for annulment, when it is not shown that the petitioner for annulment had knowledge of the original proceedings within the time allowed for appeal.

6. The fact that the petitioner received a legacy under the instrument probated as the will of the decedent does not bar a petition for annulment when the petitioner was ignorant of the facts and returned the legacy into court with his petition.

7. The fact that the petitioner had presented a prior petition for annulment of a decree of probate which petition was denied because of insufficiency of allegation, and no appeal taken, does not bar a new petition for annulment setting for the other, different and sufficient grounds.

8. A petition for the annulment of a decree of probate of a will is not barred for laches when it does not appear that the petitioner after knowledge of the facts constituting his rights, delayed without reasonable excuse, and during the delay the condition of the other party became so changed that he cannot make the defense that but for the delay he might have made.

9. The record of the probate court is not necessarily knowledge of any facts constituting grounds for the annulment of a decree of the probate of a will.

10. The death of the person named as executor and residuary legatee in the will does not deprive the estate of an essential witness in proceedings for annulment of the probate of the will.

11. The fact that such deceased executor and residuary legatee under the supposed will had mingled the estate of his decedent with his own does not bar a petition for the annulment of the probate of the will.

12. Upon a petition for the annulment of a decree probating a will, the decree should be simply that the former decree be vacated and annulled, even though the petition was also for a decree that the instrument probated is not the will of the decedent and that the decedent died intestate. Of these latter questions, the first is not to be determined until the instrument is again presented for probate, and the second is not to be determined until a petition for the appointment of an administrator is presented.

On report. Remitted to Supreme Court of Probate for decree according to opinion.

Appeal by Merrill Trust Company from decree of Judge of Probate, Hancock County.

Mrs. Frankie M. Jordan, late of Orland in said county, died December 7, 1897, leaving an instrument purporting to be her last will and testament and in which her husband, Andrew J. Jordan, was named as sole executor, and also as the residuary legatee. This instrument was duly presented by the said Andrew J. Jordan for probate, and at the February term, 1898, of the Probate Court in

said county, was allowed as the last will and testament of the deceased, and letters testamentary were issued to the said Andrew J. Jordan as executor thereof.

The said Andrew J. Jordan died January 6, 1907, leaving a will in which the Merrill Trust Company, a corporation, was named as the executor and also creating a certain trust and naming the said Merrill Trust Company as the trustee. This will was duly probated and allowed at the March term, 1907, of the aforesaid Probate Court, and letters testamentary were issued to the said Merrill Trust Company as executor thereof.

At the December term, 1907, of the aforesaid Probate Court, Hattie M. Hartford, an heir at law of the aforesaid Frankie M. Jordan, presented to the aforesaid Probate Court a petition praying for annulment of the probate decree whereby the first aforesaid instrument purporting to be the last will and testament of the said Frankie M. Jordan was allowed as her last will and testament, alleging in her said petition as follows:

"That said Frankie M. Jordan, at the time of the alleged making of said instrument, was of unsound mind.

"That said alleged will was not signed by said Frankie M. Jordan or by any person for her at her request and in her presence.

"That said alleged will was not subscribed in her presence by three credible attesting witnesses not beneficially interested under said alleged will.

"That none of the witnesses to said alleged will signed the same in the presence of said Frankie M. Jordan.

"That said Frankie M. Jordan never declared in the presence of said witnesses that said instrument was her will.

"That it appears by said alleged will that there are four witnesses, One witness signed her name to said alleged will in two forms, to wit, Mrs. F. Marks and Louise F. Marks.

"That one of said witnesses to said alleged will was beneficially interested under said alleged will and was named in said alleged will as legatee, to wit, Louise F. Marks.

"That at the time of the signing and witnessing said alleged will only that portion containing the signatures was present and signed.

"That the witnessing of said alleged will was done down stairs in the sitting room of the house where said Frankie M. Jordan then lived and the said Frankie M. Jordan, at the time, was up stairs from said witnesses, in bed, and neither in the presence or hearing said witnesses; and the said Frankie M. Jordan had no knowledge of the witnessing of said instrument.

"That the testimony before the Probate Court for said County of Hancock to prove said alleged will was that of Mrs. Lizzie Gott, one of the witnesses to said alleged will. Said evidence was taken before the Judge of Probate in vacation.

"That said Judge of Probate says that the witness, Mrs. Lizzie Gott testified that Mrs. F. Marks and Louise F. Marks were two separate and distinct persons and that said alleged will was signed in the presence of said Frankie M. Jordan by said witnesses and in the presence of each other; and the said Mrs. Lizzie Gott says she did not so testify and was not asked to so testify.

"That your petitioner was a legatee under said alleged will: that all that your petitioner received under said will was two hundred dollars in money; that your petitioner now brings the same amount of money, to wit, two hundred dollars into this court.

"That Andrew J. Jordan was the Executor named in said alleged will that Andrew J. Jordan was the husband of the said Frankie M. Jordan; that said alleged will was in the handwriting of the said Andrew J. Jordan and the said Andrew J. Jordan was the principal legatee named in said alleged will; that undue influence was used upon the said Frankie M. Jordan to induce her to sign said instrument purporting to be a will; that the signing of said instrument purporting to be the last will and testament of said Frankie M. Jordan was obtained by fraud; that the execution and witnessing of said instrument purporting to be the last will and testament of said Frankie M. Jordan was obtained by fraud, collusion, accident, or mistake; that the probating of said instrument purporting to be the last will and testament of said Frankie M. Jordan was obtained by collusion, accident, mistake and fraud; that the decree admitting said instrument of said Frankie M. Jordan to probate was obtained by fraud; that the said decree admitting

said instrument to probate was null and void; that the ground upon which this petitioner asks the Court to grant her prayer is that the evidence of the fraud, accident and mistake and other irregularities in this petition alleged as to the making, signing and probating of said instrument purporting to be the last will and testament of the said Frankie M. Jordan has recently been discovered by your petitioner and that said evidence could never have been known to her before."

A hearing was had on the aforesaid petition and the Judge of Probate made the following decree:

"Upon the foregoing petition, notice thereon having been given to all persons interested, pursuant to law and the order of court, and a hearing having been had and the evidence presented at said hearing and the arguments of counsel there made having been fully considered and it appearing that the allegations of said petition are true, and that there was fraud in the making, signing, witnessing and probating the instrument mentioned in said petition and which the Probate Court for said Hancock County by its decree dated the first day of February, A. D. 1898, approved and allowed as the last will and testament of F. M. Jordan, and it further appearing that the petitioner has returned into this court two hundred dollars ($200) which by her testimony was all the money or property received by her as a legatee named in the instrument above referred to and it further appearing that said petitioner is not guilty of laches in presenting the foregoing petition.

"It is Ordered Adjudged and Decreed, that said decree of this Court rendered on the first day of February, A. D. 1898, be and the same is hereby revoked, annulled, vacated and declared void and said instrument is declared not to be the will and testament of said F. M. Jordan, to wit, Frankie M. Jordan."

From this decree, the said Merrill Trust Company appealed to the Supreme Judicial Court in said county, sitting as the Supreme Court of Probate. A hearing was then had in the Supreme Court of Probate and at the conclusion of the evidence the case was withdrawn from the jury and reported to the Law Court for decision, with the stipulation that upon so much of the evidence as was legally

admissible the Law Court should render such judgment as the rights of the parties required.

The case is stated in the opinion.

*O. P. Cunningham, F. H. Appleton, and John A. Peters,* for Merrill Trust Company.

*Oscar F. Fellows,* for Hattie M. Hartford.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

EMERY, C. J.   The case is this:—After the death of Mrs. Frankie M. Jordan of Orland, Hancock County, her husband, Andrew J. Jordan, presented to the probate court for that county at the January term, 1898, an instrument purporting to be the last will of his deceased wife, with a petition that it be probated and allowed as such.   After due notice the probate court at the next February term by decree allowed and probated the instrument as the last will of Mrs. Frankie M. Jordan deceased.   Letters testamentary were issued to Andrew J. Jordan named in said instrument as executor and also named as residuary legatee.

At the December term, 1907, of the probate court, and after the death of Andrew J. Jordan, Hattie M. Hartford an heir of Mrs. Jordan presented to the court a petition for annulment of the probate decree of the Feb'y, term, 1898, allowing as the will of Mrs. Jordan the instrument presented as above stated by Mr. Jordan.   In this petition the petitioner alleged, among other matters, that the instrument was not signed by Mrs. Jordan nor by any one for her at her request; that the instrument was not signed by three credible witnesses not beneficially interested; that none of the witnesses to the instrument signed or attested it in the presence of Mrs. Jordan; that Mrs. Jordan had no knowledge of the witnessing of the instrument; that while four names appear on the instrument as witnesses there were in fact only three persons subscribing, one of whom was beneficially interested and subscribed a second time under another name; that the only evidence to support the probate of the instrument was the testimony of one of the subscrib-

ing witnesses, Mrs. Gott, given, not in court during term time, but to the Judge in vacation. After due public notice and personal notice to the appellant, the Merrill Trust Company, the executor of the will of Andrew J. Jordan, the matter of the petition was heard at the next January term, 1898, and the probate court passed a decree in which it declared that "the allegations of said petition are true and that there was fraud in the making, signing, witnessing and probating the instrument named in the petition" as the will of Mrs. Jordan,—and that the former decree of the court made at the February term, 1898, allowing and probating the instrument of Mrs. Jordan, "be and the same hereby is revoked, annulled and declared void." From this decree the Merrill Trust Co. appealed to the Supreme Court of Probate. In that court the case was again heard and reported to the Law Court for determination.

In its "reasons of appeal," the appellant did not allege, or assign as a reason for appeal, that the probate court erred in any finding of facts alleged in the petition so far as essential to the decree; hence the correctness of such findings cannot now be questioned. We are here concerned only with the allegations of other facts in the "reasons of appeal" and with the questions of law involved. *Prescott* v. *Tarbell*, 1 Mass. 204; *Boynton* v. *Dyer*, 18 Pick. 1; *Gilman* v. *Gilman*, 53 Maine, 184.

It is well settled that a probate court has the power and duty upon subsequent petition, notice and hearing to vacate or annul a prior decree, even a decree of probate of a will, clearly shown to be without foundation in law or fact, and in derogation of legal right. *Cousens* v. *Advent Church*, 93 Maine, 292; *Hotchkiss* v. *Ladd's Estate*, 62 Vt. 209; *Waters* v. *Stickney*, 12 Allen, 1. In the last case cited the question is discussed and settled in a very learned, exhaustive and convincing opinion.

The first real question in this case, therefore, is whether the allegations of fact in the petition for annulment, found to be true by the probate court and not questioned in the reasons of appeal, and nothing else appearing, show cause for the annulment of the decree complained of. Of this there can be no reasonable doubt.

The supposed will was not signed by the supposed testatrix nor by any person for her at her request; nor was it subscribed in her presence by three credible witnesses not· beneficially interested; nor was there any evidence in support given in court, the only evidence being from the statement of one witness made to the Judge in vacation. The decree of the probate court should not have been made upon the statement of one witness made, not in court but only to the Judge in vacation, at least unless by consent of all parties interested. The probate court is not always open. It has regular terms. It may of course adjourn a term from one day to another, and special terms may be appointed upon notice, but in the interims between such terms and such days the Judge, while perhaps he may lawfully perform mere ministerial acts, cannot lawfully perform any judicial act, except such as are authorized by statute to be done in vacation. No power is conferred upon him to hear out of court statements or testimony as evidence for the decision of cases pending in court. Such action by the Judge in this case was not the judicial action of the court. *White* v. *Riggs*, 27 Maine, 114; *State* v. *Hull*, 49 Maine, 412.

From all the above it must be evident that upon the allegations in the petition, nothing else appearing, the instrument probated in the decree of February, 1898 was not entitled to probate, and further there was no legal evidence before the court that it was so entitled, and hence that the decree of probate should be annulled.

We now come to the consideration of the matters set forth in the reasons of appeal as reasons why, nevertheless, the decree of probate should not be annulled. We notice only those pressed in argument, the others not being relied upon by the appellant.

1. Because all the legacies under the instrument probated have been duly paid together with all outstanding bills and claims against· the estate of Mrs. Jordan. It does not appear that Andrew J. Jordan, as executor of the instrument, or his executor, the appellant, has ever settled or even filed any account as such executor, or even filed any inventory of the estate of Mrs. Jordan; nor was it proved aliunde that all the legacies and outstanding bills and claims have been paid. This alleged reason, therefore, cannot be sustained.

2. Because no appeal was taken from the decree now sought to be annulled. It is not shown that Mrs. Hartford, the petitioner here, appeared at any hearing upon the matter of the decree, or had any actual notice of the proceedings at the time, or during the time allowed for appeal. Under such circumstances the fact that the decree was not appealed from by her does not make it invulnerable, when it is made clearly to appear that the decree was without foundation in law, fact or evidence, and was wrongfully obtained without legal evidence produced in court. There are many decided cases where decrees of probate courts not appealed from have, nevertheless, afterward been annulled. This reason of appeal cannot be sustained.

3. Because the petitioner elected to receive the legacy of $200 bequeathed her in the instrument allowed, and did receive it and did not make any claim as heir. The petitioner did receive from Andrew J. Jordan claiming to be executor the sum of $200 named as her legacy, but upon filing her petition in this case she deposited in court the sum of $200 for the use of the estate of Mrs. Jordan. She did not pay in, or account for, any earnings of, or interest upon the $200 while in her possession, but there is no evidence and we cannot assume that she ever made any use of the money by way of investment or expenditure. She was under no obligation to do so. It does not appear that when she received the $200 or that before she offered to return it, she was aware of the facts set forth in her petition as cause for annulment of the probate. She having returned the money, we do not think that her original reception of it under the circumstances bars her petition.

4. Because the petitioner once before, viz:—at the June term of the probate court, 1907, presented a petition for annulment of the probate of the instrument, which petition after notice and hearing was dismissed and no appeal taken. It appears that she did file a petition as stated, in which, however, the only fact alleged was that "she had recently discovered evidence as to the making and signing of the alleged instrument purporting to be the last will and testament of said Frankie M. Jordan which could never have been known to her before." No facts which the newly discovered evi-

dence would prove were stated, nor was any of the evidence stated. It is apparent that the petition should have been dismissed for insufficiency of allegation, and it is difficult to see how the mere dismissal of such a petition is an adjudication upon all the allegations of fact in the present petition. At the most, it could be so only upon the allegations as to the making and signing the instrument. It cannot include the allegations as to the witnessing and probating the instrument. Further, the decree dismissing that petition was by its terms placed solely on the ground that the petitioner had not returned the money received by her as a legacy under the instrument. There is no finding of any other fact in the decree. None of the allegations in this present petition appear to be res adjudicata.

5. Because of the laches of the petitioner in that she did not file her present petition until Dec. 7, 1907, though she had knowledge nearly ten years previously of the death of Mrs. Jordan and of the claim of Andrew J. Jordan that there was a will in which $200 was bequeathed to her. Something more than lapse of time, however, must be shown. To make out a case of laches, it must appear, both, that the delay was without reasonable excuse and that during the delay the condition of the other party in good faith became so changed that he cannot make the defence that, but for the delay, he might have made. There is no laches when the party did not know his rights, or at least the facts constituting his rights, and was not negligent in not knowing them. In this case the petitioner seasonably knew of the death of Mrs. Jordan, and of Mr. Jordan's assuming to act as executor of a will of the deceased. She is also presumed to know that an instrument had been probated as the will of Mrs. Jordan, and also its contents. She is not presumed to know whether the instrument probated as a will was legally signed, witnessed and probated. She testified without contradiction that she did not know of the facts set forth in her petition until June, 1907. We do not think that under the circumstances she can be held negligent for not earlier knowing them. She lived in another State. She was no nearer relative than cousin. She had not been in Orland since 1892. While she was bound to know all

that appeared on the records of the court, she was not bound to know nor suspect that the instrument appearing to have been probated had not been signed nor witnessed as required by law to constitute a valid will, nor that the probate of it had been obtained without legal evidence of the necessary requisites.

There is one matter relied upon to charge the petitioner with laches which should be noticed. It appears that other heirs of Mrs. Jordan at the October term, 1898, of the Supreme Court of Probate petitioned for leave to enter an appeal from the decree of Feb'y, 1898, (the decree now sought to be annulled) and in their petition alleged several facts alleged in the petition before us, but not the fact that no evidence was heard by the Judge in court. That petition was later dismissed by consent. Mr. Jordan purchasing his peace of those petitioners by extra payments. Mrs. Hartford was asked by them if she would join in an effort to get more than the will gave them, and she expressed her willingness to do so, but she did not become a party to the petition, and it does not appear that she received anything from it, or knew its contents or what was done with it. It is evident that these facts do not show her then to have knowledge of the facts now alleged, or to be negligent in not knowing them. She filed her first petition for annulment in June, 1907, when she first had notice of the matters alleged, and her second, the present, petition in Dec., 1907, as soon as her first was disposed of. Andrew J. Jordan had died the January before and there is no evidence that her delay from June to December, 1907, made any change in the condition of the other party.

Under this head of laches the appellant also urges that by the death in January, 1907, of Andrew J. Jordan the executor and residuary legatee of Mrs. Jordan, it has become impracticable to determine what of the property left by him came to him from the estate of Mrs. Jordan, she having died nine years before. That matter must be adjusted or tried out in proceedings between the administrator of Mrs. Jordan, if one be appointed, and the appellant as executor of the will of Andrew. It does not appear but that the estate of Andrew is intact, no payments out of it

having been shown. No loss will fall upon the appellant but only on the estate of Andrew who did the wrong.

Under this same head it is further urged that by the death of Andrew J. Jordan, the appellant, his executor, is deprived of evidence that might have supported the decree of Feb'y, 1898, and shown cause against its annullment, and that by waiting till after the death of Andrew, the petitioner has placed his estate and his executor at such a disadvantage that the court should not now grant her petition. Granting, arguendo only, that such a disadvantage would be cause for denying the petition, we do not think it is shown to exist. It does not appear that Andrew alone may have known of material facts. So far as appears the witnesses to the instrument and the then Judge of Probate are all living and within our jurisdiction and competent to testify, and all material facts can be shown by them.

No other reasons of appeal are argued and it is not claimed that those not argued show cause against the petition. It follows that the decree appealed from should be affirmed with costs of appeal so far as it annuls the prior decree of Feb'y, 1898, probating as the will of Mrs. Jordan the instrument therein described. The probate court, however, went further and undertook to decree that the instrument was not the will of Mrs. Jordan and that she died intestate. The probate court had no occasion to make any decree upon either of those questions, though asked for in the petition. There is no occasion yet to decide either question, and will not be until the instrument is again offered for probate, or until application is made for the appointment of an administrator upon the estate of Mrs. Jordan as having died intestate. That part of the decree should be eliminated.

The case is remitted to the Supreme Court of Probate sitting for Hancock County to make and enter decrees in accordance with this opinion.

*So ordered.*