**Ernestine GATES et al., Appellants,**

v.

**Vitus L. GATES' EXECUTOR (Planter Bank & Trust Co.), et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1955.

Hubert Meredith, Greenville, John O. Hardin, Hopkinsville, for appellants.

W. E. Rogers, Jr., Hopkinsville, for appellees.

MOREMEN, Judge.

This is an appeal from a summary judgment by which appellants' contest of the will of their uncle, Vitus L. Gates, was dismissed.

On January 10, 1952, Vitus L. Gates executed a will. On May 1, 1952, he died. Under the terms of his will—probated on May 21, 1952—he devised to each appellant, Camille Gelpi and Ernestine Gates, the

sum of $200. The remainder of his property was devised to his wife, Mayme Magwire Gates. They had no children. On May 13, 1953, the bequests to appellants were paid to and accepted by them. On June 30, 1953, the executor filed final settlement and no exceptions were made to it.

On August 13, 1953, Mayme Magwire Gates died testate and Planters Bank & Trust Co., which was also executor of the will of Vitus L. Gates, qualified as executor of her will.

On December 18, 1953, appellants filed an appeal from the order of the county court, which had probated the will of Vitus L. Gates, and it was there alleged that the will was of no effect on the grounds: (1) that Vitus L. Gates was of unsound mind and memory at the time he executed it, and (2) that Mayme Magwire Gates, his wife, procured its execution by undue influence and coercion which resulted in a fraud on their rights.

The answer, as amended, denied the allegations of the complaint and pleaded additionally (1) laches; (2) election to take under the will; (3) the will should be sustained.

The executors filed motion for summary judgment supported by affidavits. These affidavits were directed to a statement of facts concerning the acceptance of the $200 legacies and the filing of the final settlement, which was not excepted to and which was approved by the county court. Appellants tendered a reply in which, inter alia, they made allegation of certain facts in avoidance of their failure immediately to attack the validity of the will and at the same time they tendered and offered to pay back the sum of $200 which had been devised to each of them. The motion to file this reply was denied and the court on the same day sustained the motion of the executors for summary judgment and dismissed the proceedings; hence this appeal.

The main question for determination on this appeal is whether or not the acceptance of $200 each by appellants under the circumstances estopped them from contesting the will because under the affidavits and motion, this seems to have been the only question presented by the motion for summary judgment.

 Counsel for appellants readily concedes the general rule to be that in cases where a legatee accepts a devise under a will, he is estopped from later contesting the sufficiency of it, but insists that this case falls under an exception to that general rule. We believe this attitude to be correct and that the Kentucky rule is correctly summarized in 72 A.L.R. 1141, where it is said:

"In White v. Mayhall, 1894, 25 S.W. 881, 15 Ky.Law Rep. 830, it was held that, where a legatee accepted a bequest under a will, she was not estopped to contest the will on the ground of incapacity of the testator and undue influence on him, when, at the time of accepting the legacy, she was in ignorance of such facts and her acceptance was fraudulently induced; nor was it necessary that she return the legacy before contesting the will. See Fisher v. Boyce, 1895, 81 Md. 46, 31 A. 707. And see also Medill v. Snyder, 1899, 61 Kan. 15, 58 P. 962, 78 Am.St. Rep. 307; Merrill Trust Co. v. Hartford, 1908, 104 Me. 566, 72 A. 745, 129 Am.St.Rep. 415; Dreisbach v. Spring, 1914, 93 Kan. 240, 144 P. 195; Kelley v. Hazzard, 1917, 96 Ohio St. 19, 117 N.E. 182; and Schmidt v. Johnston, 1928, 154 Md. 125, 140 A. 87, wherein it was held that, though an acceptance of benefits under a will was not a bar to an action attacking the validity thereof when such acceptance was induced by fraud, misrepresentation, or lack of knowledge as to the beneficiary's rights, yet such action must be accompanied by a return of the benefits so accepted."

 We think the court should have ordered the reply above described to be filed. It is true that under CR 7.01, a reply generally is not permitted, except to a counter-claim denominated as such. Under an exception in this same rule "the

court may order a reply to an answer or a third-party answer." Often in cases where the action is being considered on summary judgment, such an action by the court has the effect of clarifying the issues. Where a reply might make summary judgment possible, the plaintiff may be permitted to file a reply even though the answer does not contain a counter-claim or cross-complaint. Beckstrom v. Coastwise Line, D.C. Alaska 1953, 13 F.R.D. 480. If the trial court had ordered the filing of the tendered reply in this case, the tender back of the $200 legacies would be certain and other issues would be raised which perhaps would require disposition by trial and proof rather than a summary procedure towards judgment.

The judgment is therefore reversed.