## CITY OF TEXARKANA v. KEENEY.
### No. 4187.

Court of Civil Appeals of Texas. Texarkana.
April 28, 1932.

Travers Crumpton, of Texarkana, for appellant.

L. E. Keeney, of Texarkana, for appellee.

SELLERS, J.

This suit was instituted in district court of Bowie county by L. E. Keeney, appellee, to recover of the city of Texarkana, Tex., a municipal corporation, the sum of $250 alleged to be due him upon a certain contract entered into between the town of Beverly, a municipal corporation, which town adjoined the city of Texarkana, and the law firm of Keeney & Dalby, a partnership composed of appellee and one N. L. Dalby, for professional services rendered by the law firm of Keeney & Dalby to the town of Beverly, in a certain suit between the city of Texarkana and the town of Beverly pending in the district court of Bowie county.

It was alleged that under the terms of the contract sued upon Keeney & Dalby were to receive for their services the sum of $500, that $250 of said amount was paid by the town of Beverly on November 1, 1928, and on November 1, 1929, the city commission of the town of Beverly approved appellant's account for the remaining $250, but, due to the fact that the town of Beverly had no funds available to pay said account, it was not paid. It was further alleged that on or about December 31, 1929, by a vote of the people, as provided by law, the town of Beverly was annexed to the city of Texarkana; that by ordinance and a resolution adopted by the city of Texarkana on February 1, 1930, it assumed the payment of all the debts of the town of Beverly, which included the debt herein sued upon.

Appellee, by alternative plea, alleged that, if he be mistaken about having a valid contract of employment to represent the town of Beverly, then he says that Keeney & Dalby did render services to the town of Beverly, which services were rendered with full knowledge, consent, and acquiescence of the mayor and commission of the town of Beverly; that such services were completed on January 20, 1930, when the suit between the town of Beverly and the city of Texarkana was finally disposed of; and that such services were reasonably worth the sum of $500, of which amount $250 had been paid, and, repeating the allegations contained in the first count in the petition with reference to the allegations contained in the first count in the petition with reference to the liability of the city of Texarkana for said debt. It was also alleged that appellee was the owner of Dalby's interest in the debt.

The appellant answered by a plea in abatement, general denial, and by special answer.

The trial was before the court without the aid of a jury, and resulted in a judgment in favor of appellee for the sum of $250, from which judgment the appellant has duly prosecuted this appeal.

Appellant's first two propositions relied upon for reversal of this case assert that the evidence is insufficient to show a contract of employment between the town of Beverly and Keeney & Dalby. Its third proposition is that appellee's claim is barred by the statute of limitation.

Conceding appellant's first two propositions to be correct, which we deem it unnecessary to pass upon, the judgment still finds support in appellee's alternative plea and the following findings of fact by the court which we conclude are supported by the evidence: "I find that under this agreement the said Keeney and Dalby entered into the defense of said case and rendered valuable services to the Town of Beverly in said litigation, and that the evidence shows and the defendant admits in this case that said services so rendered by the said Keeney and Dalby in said case were reasonably worth the sum of Five Hundred ($500.00) Dollars; and further, I find that the services rendered by Keeney and Dalby in said litigation to the town of Beverly was rendered with the knowledge, consent and acquiescence of the Mayor and two City Commissioners of the Town of Beverly."

The court further found that the $250 sued for became due when the litigation of the case was ended, which was on January 20, 1930.

 Under these findings of fact and the rule as laid down by the Commission of Appeals in an opinion by Judge Leddy in the case of Sluder v. City of San Antonio, 2 S.

W.(2d) 841, 842, there is no escape from the conclusion that the town of Beverly is liable for the debt sued upon. After reviewing the authorities with reference to a municipal corporation's liability on an implied contract, Judge Leddy, speaking for the Commission, said: "Since the decision in the French Case [80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763] our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied contract. There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation."

Appellant's plea that the debt was barred by the statute of limitation will likewise be overruled. The court found that the debt was due January 20, 1930, and appellee's amended petition was filed on September 14, 1931; therefore the necessary two-year period to bar the debt had not expired when the suit to recover thereon was filed.

There being no contention that the appellant is not liable upon its assumption of the debts of the town of Beverly, the judgment of the trial court is affirmed.