## TEXAS & NEW ORLEANS RY. CO. v. BOOTH.

### No. 2967.

Court of Civil Appeals of Texas. Beaumont.

Dec. 9, 1936.

Rehearing Denied Dec. 16, 1936.

R. L. Arterbury, of Houston, for appellant.

Davis, Avery & Wallace, of Center, for appellee.

O'QUINN, Justice.

Suit by appellee against appellant for damages to a shipment of cattle. We shall refer to the parties as plaintiff and defendant. Plaintiff alleged that he delivered to the defendant at Diboll, in Angelina county, Tex., 613 head of cattle which he had loaded into 16 cars furnished by defendant, at Rayville, Tex., a non-agency station on the line of the Texas Southeastern Railroad Company some 15 miles out of Diboll; that a through bill of lading was issued whereby defendant, through its connecting carriers, agreed to safely transport and deliver said cattle at Encinal, in LaSalle county, Tex.; that 37 head of said cattle were so badly injured en route that they died. That the value of said 37 head of cattle was $565. He alleged that the defendant failed to furnish cars with end doors in which to transport the cattle, thus preventing the caretakers from entering the cars to care for the cattle that fell or lay down; that the cars furnished were walled with weak and rotten lumber, thus rendering it unsafe for plaintiff and his employees to enter the cars to give attention to the cattle; that the bull boards, which served as guard rails for the side doors in the cars preventing the cattle from falling against the doors or their feet slipping in the bottom of the doors, did not properly fit, which resulted in the cattle slipping and falling and caused others to fall and be thus injured; that the cars were improperly bedded, which permitted the floor of the cars to become slick from the cattle urinating thereon and caused the cattle to slip and fall; that the floors of said cars were in bad state of repair so that the sand and dirt bedding placed on the floor sifted through cracks in the floor and left the car floors practically bare, and the exposed floors became wet and slick by reason of excretions of the cattle causing them to slip and fall; and that defendant failed to use ordinary care in the handling of the train in that same was jerked and otherwise roughly handled, and that said train was suddenly stopped on numerous occasions, resulting in throwing the cattle down and causing their injuries and death; that all such was negligence on the part of defendant and caused the injury to and death of said 37 head of cattle.

The defendant answered by general demurrer, general denial, and specially a plea of contributory negligence on the part of plaintiff in that plaintiff loaded his cattle on the line of another defendant, and neither defendant nor any of its connecting carriers had anything to do with the loading of the cattle, and that the injury and damage to the cattle was the result of plaintiff's negligence in (a) failing to properly segregate the cattle so that the weak and poor cows and calves would not be mixed with bulls and stronger cattle; (b) in placing calves in cars with grown cows and bulls; (c) placing too many cattle in certain cars, causing overcrowding, making it impossible for a cow or calf to regain its feet when it lay down in the car; and (d) in undertaking to load and transport the cattle on a long journey when they were poor, weak, and unhealthy and not able to stand the trip under normal conditions.

The case was tried to a jury upon special issues which were answered, in favor of plaintiff, and judgment rendered in his favor for $537. The jury found defendant guilty of all the acts of negligence alleged against it, and acquitted plaintiff of contributory negligence. Motion for a new trial was overruled, hence this appeal.

Defendant's first two propositions complain that the court erred in refusing to instruct a verdict in its favor. They are overruled. Plaintiff's petition stated a cause of action, and the jury found defendant guilty of the acts of negligence, alleged to have caused the damage, and that such negligence was the proximate cause of the damage. The record simply supports these findings.

Defendant's third proposition is:

"The cattle in question were loaded by the plaintiff and his employees in cars accepted by the plaintiff for such purpose, and since the only act complained of, that might have had anything to do with the damage alleged, was the alleged furnishing by the defendant of defective cars, the plaintiff is barred from recovery, having, himself, accepted said cars for loading and shipment."

Under this proposition, defendant insists that plaintiff is estopped from claiming or recovering damages. In order that a party may rely on estoppel as a defense against a claim asserted, he must specially plead same. A plea of estoppel will not be considered if the issue has not been presented by the pleadings. 17 Tex. Jur. § 16, p. 146. Here defendant did not plead estoppel, and so same cannot be urged. The assignment is overruled.

The fourth, fifth, sixth, seventh, and eighth propositions complain that the court erred in submitting to the jury special issues as to negligence on the part of the defendant (a) in furnishing cars for the shipment of the cattle that had no end doors because it was not shown that such failure had anything to do with the damaging of the cattle, or resulted proximately in the injury to the cattle; (b) in furnishing cars with rotten lumber in the inside of the cars in that it was not shown that such defects had any bearing on the damages sued for; (c) that the record does not show that the alleged ill fitting bull boards had anything to do with the death of the cattle in question; and (d) there was no showing that the bedding of the cars, or the lack of it, had anything to do with the damage to the cattle complained of. The specific complaint of defendant in each of the matters stated above is that the evidence did not raise such issues and therefore same should not have been submitted.

These assignments are overruled. Each of the matters was pleaded as negligence against defendant, and the evidence on each raised the issue, and so the court was justified in submitting each of them to the jury. We will add that the record supports the findings of the jury on each of them. The criticism against the court's submitting two separate issues relative to the bedding of the cars, (a) whether properly bedded, and (b) whether there were cracks in the floor of the cars whereby the sand or dirt placed on the floor of the cars for bedding, permitting the bedding to sift out as the cars were jostled and moved along, is without merit. Doubtless the court submitted the matter in two issues because whether the cars were properly bedded might have been taken only as to whether originally there was placed on the floors of the cars sufficient sand or dirt to cover and protect the cattle against the hard and naked floor, and the said bedding, although if sufficient at first, was lost by defective floors in the cars caused by cracks or open interstices in the flooring which was not at first observable, but which when the cars were moved and jostled along permitted the sifting through of the bedding. This negatived any basis for a contention that the matter, under this view, presented two issues and should not be intermingled. We think the submission was proper.

By several propositions it is urged that the court erred in submitting special issues 18 to 23, inclusive, relative to the manner in which defendant handled the train, whether rough and by sudden stops, insisting that it could be liable only for unusually rough handling of the train, and that there being no evidence of any unusual roughness in the handling of the train, the issues were improperly submitted to the jury. Without quoting from the evidence, we will say that after a careful consideration of the record, we think the issues were raised by the evidence, and that the evidence sufficiently supports the findings. The assignments are overruled.

All assignments not specifically discussed have been considered, and are over-

ruled. The judgment should be affirmed, and it is so ordered.

Affirmed.