## CITY OF WACO v. MURRAY.
### No. 2216.

Court of Civil Appeals of Texas. Waco.

Feb. 8, 1940.

Rehearing Denied March 14, 1940.

Geo. W. Morrow, City Atty., and Mabel Grey Howell, Asst. City Atty., both of Waco, for appellant.

F. M. Fitzpatrick, of Waco, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from a judgment of the county court of McLennan county awarding appellee, J. W. Murray, a recovery against the city of Waco for the sum of $180, with legal interest thereon, amounting in the aggregate to $213.60, and for costs. The suit was filed and tried originally in the justice court and an appeal from the judgment there rendered prosecuted to the county court.

Appellee alleged that he was employed by the city of Waco, acting by Mr. McAdams, a former city manager, in what appears to be a dual capacity; that such employment began about October 1, 1930, and continued in whole or in part until October 1, 1935; that during such time Mr. McAdams was succeeded as city manager by Mr. Hultgren, and he in turn by Mr. Torrence. Appellee further alleged that under the agreement of the parties, he was to operate the elevator in the city hall the entire year at a salary of $60 per month, amounting in the aggregate to $720, and in addition thereto, that he was to operate the heating plant, furnace and radiators for six months each year from November 1st to April 30th, inclusive, for the additional sum of $30 per month, amounting in the aggregate to $180; that in accordance with such agreement, he served in such capacity or capacities from the fall of 1930 to the spring of 1935, and that he was paid for such services except for the additional services rendered by him for attending and operating the furnace, heating plant and radiators for six months beginning November 1, 1934. Appellee further alleged that such additional services for said winter months were rendered under the direction and with the consent and acquiescence of the city, and that said city, by its actions, led appellee to believe it would pay him for said services, and that same were reasonably worth the amount claimed therefor. He sought, if denied a recovery on an express contract, to recover on an implied contract.

Appellant answered by general demurrer and general denial.

Appellee and his attorney were the only witnesses who testified in the case. Appellee testified that he was employed to operate the elevator at a specific sum per month and that he was also employed to look after the heating plant, furnace and radiators for a period of six months beginning November 1st of each year for an additional compensation of $30 per month. He testified that his hours for operation of the elevator were from eight o'clock in the morning until five o'clock in the afternoon; that during the six months of the year above recited when the heat-

ing plant was in operation, he arrived at such plant at 5:30 in the morning, gave it necessary attention during the day and stayed until 6:00 o'clock in the afternoon; that he also was in attendance during such hours on Sunday when said plant was in operation; that he was paid regularly for such additional service at the rate of $30 per month each year until November 1, 1934; that sometime after said last named date, when he did not receive such compensation, he took the matter up with the city manager and he said the same had been left out of the budget but that he would get it straightened out and corrected; that he never did so; that he, appellee, rendered such additional services from and after November 1, 1934, under the direction and with the acquiescence and consent of the city manager; that when, in June, 1935, he asked for his pay, he was discharged, but that the man afterwards employed to take his place was paid such compensation the same as appellee had been paid prior to November 1, 1934. The statement of facts shows that the parties agreed that the annual budget for 1934–1935 contained the following entry: "Building engineer and elevator operator $60.00 $720.00." There was no testimony, except as related by appellee as aforesaid, concerning the different tasks imposed upon or duties required of such building engineer and elevator operator.

The case was submitted on special issues, in response to which the jury found, in substance, that in 1930, appellee and the city of Waco, acting through its then city manager, entered into an agreement whereby said city was to pay appellee $30.00 per month on a month to month basis for tending the furnace and heating plant at the city hall for six months out of the year; that the monthly sum to be so paid was in addition to appellee's regular salary for operating the elevator; that appellee tended said furnace and heating plant each winter thereafter down to and including the winter of 1934–35; that the city paid appellee for such services for each winter prior to the winter of 1934; that appellee tended said furnace and heating plant for the city during the winter of 1934–35 under the direct acquiescence and consent of the city of Waco; that said city, by its acts, led appellee to believe that he would receive $30.00 per month for tending said furnace and heating plant during such last named period; that appellee did

in fact so tend said furnace and heating plant for the city during the months of November and December, 1934, and January, February, March and April of 1935; that said city accepted the services of appellee for tending said furnace and heating plant for it for said six months; that appellee rendered such service for said period in the belief that he would be paid therefor; that the reasonable value of the services so rendered for said months was the sum of $30 per month and that appellee had not been paid for said services. The court, on February 16, 1939, rendered judgment on the verdict so returned by the jury in favor of appellee Murray against the city of Waco for the sum of $213.60, with interest from the date thereof. The city presents said judgment to this court for review by appeal.

### Opinion.

The city presents a proposition in which it contends that since, in the budget adopted for the fiscal year 1934–1935, a salary of $60 a month or an aggregate of $720 per year was provided for "building engineer and elevator operator", appellee could not, under the facts hereinbefore stated, lawfully receive or recover compensation for the services rendered by him in operating the furnace and regulating the radiators. The city of Waco was at all times here under consideration operated by a city manager under provisions prescribing his powers and duty. City Charter (1930) Sec. 15, Art. 61. Under the provisions of said article, he was authorized to employ and remove all subordinate employees without notice. Appellee was such an employee. Regardless of the rather vague and technical description of the nature of his employment, as shown by the excerpt from the budget hereinbefore quoted, the uncontradicted testimony showed, as hereinbefore stated, that his employment, so long as the same should continue, was to operate the elevator daily, with the possible exception of Sundays and holidays, and to operate the furnace and regulate the radiators if and when necessary to do so during the winter season. This arrangement seems to have continued without discussion or controversy for more than four years. When his customary compensation for his services in operating the furnace and regulating the radiators was not paid during the fall of 1934 as had been theretofore done, he called the matter to the attention of the city manager, who advised him that he would get

the matter straightened out and corrected. Appellee, relying on such assurance, continued to perform his duties in that capacity and the city continued to accept and enjoy the benefits of the same until the then current six months period was completed. Incidentally, there was no proof that the then current budget was regularly prepared and adopted as provided by Vernon's Ann.Civ. St. art. 689a, subdivisions 13 to 16, inclusive. Neither was there any proof of its contents other than the brief excerpt above quoted. Appellee's suit, however, is upon an implied contract and not upon a formal contract based on that budget. The city manager had authority to discharge him at any time and he had a right to quit at the end of any month. Apparently, the city manager preferred to have him continue to perform the onerous extra duties incident to the winter season. It is shown without contradiction that on two separate occasions he promised appellee that he would take the matter up and get it straightened out and corrected, and that appellee relied on such assurances.

Our courts have held in similar cases that regardless of strict legality or formality, when a municipal corporation receives the benefits of a contract illegal because not made in conformity with statutory or charter provisions, such corporation will be held liable on an implied contract for the reasonable value of the benefits received by it. Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841 et seq.; Id., Tex.Com.App., 9 S.W.2d 1032; City of Texarkana v. Keeney, Tex.Civ.App., 50 S.W.2d 339, pars. 1 and 2; Dallas Joint Stock Land Bank v. Colbert, Tex. Civ.App., 127 S.W.2d 1004, 1008, par. 5, and authorities there cited. Said proposition is overruled.

The city presents a second proposition in which it contends that since appellee accepted his salary warrants for operating the elevator as such warrants were issued and delivered to him, he was estopped to claim other and further compensation for services rendered on an implied contract. The city filed written pleadings and did not include therein any plea of estoppel. Said proposition is therefore overruled. 17 Tex.Jur., p. 146, sec. 16; Leon v. Gulf Production Co., Tex.Civ.App., 35 S.W.2d 1101, 1105, par. 5, and authorities there cited; .Texas & N. O. Ry. Co. v. Booth, Tex.Civ.App., 99 S.W.2d 430, par. 3; Cooper Co. v. Werner, Tex.Civ.App., 111 S.W.

2d 823, par. 7; Washington Nat. Ins. Co. v. Booker, Tex.Civ.App., 123 S.W.2d 975, par. 7.

The judgment of the trial court is affirmed.