### CITY CONST. CO. v. SPARKMAN.
### No. 2870.

Court of Civil Appeals of Texas. Eastland.

June 15, 1951.

Rehearing Denied Sept. 7, 1951.

Alexander, George, Thuss, Johnson & Passman, Dallas, for appellant.

Vincent W. Harris, John C. Cain, Dallas, for appellee.

COLLINGS, Justice.

Appellee, Forrest E. Sparkman, brought suit against appellant, City Construction Co., for damages alleged to have resulted by reason of a breach by appellant of a written contract wherein appellant was to haul sand and gravel on a highway construction job. The contract, as alleged and shown in the evidence, is as follows:

"State of Texas
  Project No. C–92–5&6–6&20

"Counties of Ellis & Navarro
  August 12, 1949

"I, R. J. Glendinning, Supt. for City Construction Company and acting on behalf of said Company, hereby enter into agreement with F. E. Sparkman, to sub-contract the hauling of approximately 9500 Batches, which will be the total amount of Batches required to complete Project No. C–92–5&6–6&20

"Mr. Sparkman is to furnish enough trucks to keep the mixer busy. In event he cannot, City Construction Company retains the right to hire the full amount of trucks needed.

"Mr. Sparkman is to receive .54¢ per Batch, which is payment in full for hauling and delivering Batch from Rice, Texas to the mixer. He is to carry his own insurance and make his Payrolls.

"The City Construction Company is to pay Mr. Sparkman 90% of wages earned weekly. 10% of which is to be retained until Contract is completed.

                "City Construction Company
                "(Signed)    F. E. Sparkman
"Jessie O. Glendinning
"Robert J. Glendinning
        "Witnesses."

It was alleged and proved by appellee Sparkman that he entered into the performance of the contract and continued performance thereof until on or about September 10, 1949, at which time appellant construction company refused to allow him to further perform same. Appellant, at that time, notified appellee in writing that "your contract * * * has been cancelled in view of the fact that you have * * * failed to furnish insurance certificate from your insurance company * * *."

It was alleged and shown by appellee that by reason of such action and alleged breach by appellant that appellee was prevented from hauling and earning the profit from approximately three-fourths of such hauling job to his damage in the sum of $2,262.-31. Upon a trial before the court, judgment was entered in favor of Sparkman for damages and the City Construction Co. brings this appeal.

Appellant denied that it had breached the contract and alleged that appellee Sparkman was guilty of a breach thereof by refusing to obtain insurance as required by the contract and in several other particulars. The only point presented in appellant's original brief was that: "Sparkman's failure to furnish the insurance demanded by the contract and to thereby adequately indemnify the appellant company against the possibility of claim or suit from the public for injuries suffered by the act of his truck drivers was the breach of a most important provision of the contract and gave the company the right to rescind the contract and to refuse to let said Sparkman furnish any more trucks."

To establish that Sparkman "failed to furnish the insurance demanded by the contract" appellant relies upon evidence to the effect that after the signing of the contract and late in August, 1949, one of Sparkman's truck drivers hit and killed a pedestrian; that thereafter, a representative of appellant construction company, in early September, asked appellee about his insurance coverage and that Sparkman exhibited a certificate from his insurance company which recited: "This is to certify that the policies (including endorsement) of insurance as described above have been issued by the undersigned to the insured named above and were in force from August 12, 1949 to September 8, 1949 inclusive. This certificate does not indicate any coverage after September 8, 1949."

On September 10, 1949, appellant having been furnished by appellee with such certificate showing no insurance after September 8, 1949, and having no substitute insurance coverage indicated, wrote the letter terminating the contract.

 There is ample evidence in the record to show that appellee Sparkman was covered by insurance as called for by the contract on September 10, 1949. Policies of insurance were introduced in evidence which showed to cover a period from July 8, 1949 to July 8, 1950. Also introduced in evidence were notices by the insurance company to appellee dated September 12, 1949 and stating that such policies of insurance were cancelled as of September 22, 1949, which was twelve days after appellant's notice of termination of the contract. It is apparent that appellee was covered by insurance on September 10, 1949 or at least the evidence is sufficient to justify a finding to that effect. Appellant's first point is based upon an erroneous assumption of fact, and must be overruled.

In appellant's supplemental brief, it is contended that because of the fact that Sparkman furnished appellant construction company with a certificate stating that no insurance coverage existed after September 8th, he is, therefore, estopped to assert that he carried insurance subsequent to that date. Appellant urges that all the information on the question of whether appellee's insurance had lapsed came from Sparkman himself, and if any party should suffer, as between the two, it should not be appellant; that appellee is seeking to recover from an innocent party who did nothing more than accept in good faith the information furnished by appellee.

 There was no pleading of estoppel in the trial court. Numerous authorities in this state require that the matter of estoppel must be specially pleaded to be available as a defense. National Cash Register Co. v. Wichita Frozen Food Lockers, Inc., Tex.Civ.App., 172 S.W.2d 781, affirmed, 142 Tex. 109, 176 S.W.2d 161; Downing v. Jeffrey, Tex.Civ.App., 173 S.W.2d 241, Ref. M.; City of Waco v. Murray, Tex.Civ.App., 137 S.W.2d 1062, Writ Dis.; Texas & N. O. Ry. Co. v. Booth, Tex.Civ.App., 99 S.W.2d 430, Writ Dis.; 17 Tex.Jur., page 146.

 Even if the defense of estoppel could be raised without pleading, it was not timely presented in this case. It was raised for the first time in appellant's supplemental brief on this appeal. The defense urged by appellant in the trial court was that appellee was not covered by insurance in violation of the terms of the contract. This defense was shown by the facts to be unfounded. The defense of estoppel was not raised in the trial court and there is no showing that the issue was there tried by consent or urged in any way so that it could be met by appellee or considered by the trial judge. The unpleaded defense of estoppel urged for the first time in appellant's supplemental brief came too late to be considered on this appeal and the point is overruled.

The judgment of the trial court is affirmed.