**Cullen CALAME, Appellant,**

v.

**B.H. MILLER, Individually and D/B/A B.H. Miller Oil Co., et al., Appellees.**

No. 10–85–203–CV.

Court of Appeals of Texas, at Waco.

Nov. 7, 1985.

Rehearing Denied Dec. 12, 1985.

Roy Simmons, Simmons & Simmons, Mexia, Rebecca Simmons, Cox & Smith Inc., San Antonio, for appellant.

Benjie Reed, Mexia, Steven A. Neal, Fairfield, Beverly Willis Bracken and Albert Witcher, Naman, Howell, Smith & Lee, P.C., Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Calame from a take-nothing judgment in a trespass to try title case.

Plaintiff filed a trespass to try title suit against Clara Barton Miller, Florence Hanson and B.H. Miller d/b/a B.H. Miller Oil Co. alleging: that on March 24, 1980, defendants Clara Barton Miller and Florence Hanson executed an oil and gas lease to plaintiff (on 11.66 acres of land in Freestone County) for a primary period of 4 years, and for an additional 12 months by payment of delay rental as provided in such lease; that B.H. Miller Oil Co. after such lease to plaintiff, on or about July 18, 1983, entered on the premises and is producing oil from such lease. Plaintiff prayed for title and possession of the property under his alleged lease, plus the value of oil produced from such property.

Defendants Clara Barton Miller and Florence Hanson answered by pleas of not guilty and general denial; defendant B.H. Miller Oil Co. answered by pleas of not guilty and general denial, and by cross-action alleged that plaintiff or some person altered the primary term of the March 24, 1980, lease by changing the "1" to "4" after it was executed and without the knowledge or consent of defendants Clara Barton Miller and Florence Hanson (lessors) therein; and that such document thus became a forged document.

Trial was before the court which, after hearing, rendered judgment that plaintiff take nothing; that the oil and gas lease dated March 24, 1980, to plaintiff is not valid or enforceable and is not in force or effect, and is removed as a cloud on the title of the property herein; and that defendants recover title and possession to the real property herein.

Plaintiff appeals on 13 points of error.

Point 5 asserts the trial court erred in rendering judgment for defendants as there was no evidence, or alternatively factually insufficient evidence, to support a finding that plaintiff altered the lease between plaintiff and defendants Clara Barton Miller and Florence Hanson; and point 6 asserts the trial court erred in rendering judgment for defendants because defendants are estopped from claiming alteration as a matter of law.

On March 24, 1980, defendants Clara Barton Miller and her sister, Florence Hanson, signed and acknowledged an oil and gas lease on approximately 11.66 acres in Freestone County to plaintiff. Plaintiff filed the lease for record the same day. The recorded lease purports to reflect a primary term of 4 years. In March 1983, Clara Barton Miller and Florence Hanson executed an oil and gas mineral lease covering the same property to B.H. Miller d/b/a Miller Oil Co., as lessee. The lease to plaintiff is in evidence and appears to reflect a primary term of "4" years. Clara Barton Miller, lessor, testified that all negotiations with plaintiff were for a one-year drilling lease, and that one year was the term to which she agreed; that the lease she signed had a "1" instead of a "4" for the term, and "1981" instead of "1984" for the date when delay rentals were due. She was absolutely certain she had executed a one-year lease. She testified plaintiff took the lease with him after execution and did not leave her a copy; that she received a copy about a week or ten days after recordation; that she had no reason to look at it then, but simply put it away. She testified she gave no one authority to alter the lease from one to four years, and would not have executed a four-year lease; she believed that one year was long enough for a drilling lease; and that plaintiff did not ask her for a four-year lease.

Florence Hanson, who signed and acknowledged the lease, testified she did not discuss the lease with plaintiff, but only with Clara Barton Miller; that she understood the lease was for one year; that when she signed the lease it was for one

year; that she read the lease before she signed it, and knew it was for one year.

Spring Miller LaFever, Clara Barton Miller's daughter, testified that she was present at some meetings between her mother and plaintiff at which the proposed lease was discussed; that she heard plaintiff tell her mother the lease was for one year, and understood that was the agreement.

Sue Gregory, another daughter of Clara Barton Miller, testified without objection that her mother told her plaintiff had come by with a lease for her to sign and that it was for one year.

Plaintiff was the only one who had possession of the lease during the time between execution and recordation. Plaintiff testified he wrote the lease out himself, offered the lease in evidence, and that it was the oil and gas lease to him from Clara Barton Miller and Florence Hanson.

From the record as a whole we think the trial court was authorized to impliedly find that the lease was altered in a material way and without authorization; and there is ample evidence to support such implied findings and that same are not against the great weight and preponderance of the evidence. *Southland Life Ins. Co. v. Aetna Casualty & Surety Co.*, CCA (Fort Worth) NRE, 366 S.W.2d 245, 248; *Texas West Oil & Gas Corp. v. El Paso Gas Trans. Co.*, CA (El Paso) NWH, 631 S.W.2d 521, 524; *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661.

Plaintiff alleges defendants are "estopped" to claim alteration. Plaintiff did not plead estoppel. Rule 94, TRCP; *City Constr. Co. v. Sparkman*, CCA (Eastland) Er. Ref., 241 S.W.2d 971, 973. Plaintiff's estoppel contention is without merit and, moreover, has not been preserved.

Points 5 and 6 are overruled.

 The alteration was a nullity and the original instrument stands as drawn. *Nat'l Bank of Commerce v. May*, CA (Eastland) NRE, 583 S.W.2d 685, 689; *Stockton v. Lake Tanglewood & Skybolt, Inc.*, CCA (Amarillo) NWH, 441 S.W.2d

575, 577; *Nabors v. Nabors*, CCA (El Paso) Er. Ref., 230 S.W. 1109, 1112.

Thus, the lease defendants executed to plaintiff on March 24, 1980, was a one-year primary term lease, and expired by its own terms on March 24, 1981. Therefore, no lease was in effect when Clara Barton Miller and Florence Hanson executed the mineral lease to B.H. Miller in March 1983.

We have carefully considered plaintiff's points 1, 2, 3, 4, 7, 8, 9, 12 and 13, and overrule same. In any event, under our view of the case, these points along with points 10 and 11 pass out of the case.

AFFIRMED.