BRUCE WEBSTER ET AL. V. VIOLA S. ISBELL ET AL.

No. 6783. Decided January 20, 1937.
Rehearing overruled February 10, 1937.
(100 S. W., 2d Series, 350.)

*Boyles, Scott, Fahey & Atkinson, Frank G. Dyer* and *Abe W. Warner,* all of Houston, for plaintiffs in error.

It not being shown that the casualty company had issued a policy of insurance for the benefit of plaintiff, the judgment of the trial court awarding recovery against said company should have been reversed. Dalton v. Davis, 1 S. W. (2d) 571; Kunz v. Spence, 67 S. W. (2d) 254; Neill v. Newton, 24 Texas, 202; 13 C. J., 720; 49 C. J., 140; 24 Tex. Jur., 1214.

*John T. Garrison* and *Earl Manint,* both of Houston, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

Bruce Webster, doing business under the trade name, Dixie Cab Company, operated in the City of Houston, during the year

1930, a number of taxicabs, for the transportation of passengers for hire. In April of that year, Mrs. Viola S. Isbell, while a passenger in one of the cabs, sustained personal injuries as a result of the negligence of the driver of the cab. This suit was instituted by Mrs. Isbell, in which her husband joined, against Bruce Webster, to recover $20,000 damages, on account of her injuries, and against the American Fidelity and Casualty Company to recover on an indemnity policy of insurance alleged to have been carried by Webster in said company. On a trial of the case on special issues, the jury assessed the damages at the sum of $15,000. A remittitur of $12,000 was entered by the plaintiffs. The trial court thereupon rendered judgment for Mrs. Isbell and her husband against Bruce Webster and the Casualty Company; the sum of $3,000 being adjudged against Webster, and $2,500 of this amount being also adjudged against the Casualty Company. The judgment has been affirmed by the Court of Civil Appeals. 71 S. W. (2d) 342. The application of Webster and the Casualty Company for the writ of error has been granted. In view of the conclusion we have reached, this preliminary statement of the case is deemed sufficient.

Except in respect to matters which are not likely to occur at another trial, the only ground of error presented in this Court relates to the action of the trial court in overruling the Casualty Company's general exception to the plaintiff's petition. The assignment presenting this question is sustained. The petition does not show that the plaintiffs have a cause of action against the Casualty Company. While it is alleged in the petition, that at the time of the accident in question, Bruce Webster held a policy of insurance that had been issued to him by the Casualty Company, there is no allegation to show that the policy binds the company in any other respect than to indemnify Webster against loss on account of any "legal liability resulting from an injury to any person or group of persons injured in one accident to the extent of $2500." There is no fact averment to show that Mrs. Isbell is privy to the insurance contract. It is not made to appear that, by operation of its terms, or by operation of some municipal ordinance, she is a beneficiary of such contract. Notwithstanding the fact that the error committed by the trial court in overruling the general exception to the plaintiffs' petition affects the Casualty Company alone, the judgment of the trial court must be reversed entirely. The plaintiffs, at another trial, will probably so amend their petition as to remedy the defects in their petition. In such situation, the right of the Casualty Company to urge such valid pleas and

defenses as it sees fit should not be abridged by the judgment which has been rendered against Bruce Webster. See American Indemnity Co. v. Martin, 126 Texas, 73, 84 S. W. (2d) 697.

The judgment of the trial court, and that of the Court of Civil Appeals affirming same, are therefore reversed and the cause is remanded.

Opinion adopted by the Supreme Court January 20, 1937.

Rehearing overruled February 10, 1937.