WICHITA FROZEN FOOD LOCKERS, INCORPORATED, V.
THE NATIONAL CASH REGISTER COMPANY.

No. 8171. Decided December 15, 1943.
Rehearing overruled January 5, 1944.
(176 S. W., 2d Series, 161.)

*Rogers & Montgomery*, of Wichita Falls, for petitioner.

The agent who sold the machine had the implied authority to contract for his principal to cancel the debt upon the return of the machine, such power being within the scope of business intrusted to him. Marathon Oil Co. v. Hadley, 107 S. W. (2d) 883; Ford Motor Co. v. Maddox Motor Co., 23 S. W. (2d) 333; M. N. Bleich & Co. v. Emmett, 295 S. W. 223.

*McGown, McGown, Godfrey & Logan,* of Fort Worth, *Smoot & Smoot, Geo. A. Smoot, Chas. H. Smoot,* and *J. R. Ogle,* all of Wichita Falls, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

The plaintiff, The National Cash Register Company, brought this suit against Wichita Frozen Food Lockers, Inc., for debt and to foreclose a chattel mortgage lien on a specially built cash register that it had previously sold to the defendant partly on credit. The defendant alleged that after having used the register for a time it went out of the retail business and no longer needed the register, and that it thereupon returned same to plaintiff's local agent upon such agent's agreement to cancel plaintiff's claim for the balance of the purchase price. The plaintiff not only denied that the agent had made the agreement as alleged by defendant, but denied his authority to do so. The judgment of the trial court was for the defendant. The Court of Civil Appeals reversed the judgment and remanded the cause with instructions to enter judgment for the plaintiff. 172 S. W. (2d) 781.

We granted the writ of error because we were of the opinion that there was some evidence to establish the agent's authority to cancel the debt upon the return of the used cash register. We are now of the opinion that we were in error in this respect.

The plaintiff was a foreign corporation with its home office in Dayton, Ohio. Watkins, the company's representative who took the original order for the register, and to whom the register was returned by the defendant, lived at Wichita Falls, where the transaction occurred. He worked under the plaintiff's Fort Worth office on a commission. The evidence is undisputed that his only authority was to seek out purchasers for machines of this kind and to take orders therefor, which orders were to be sent to the home office of the company for acceptance. He had not actual authority to cancel the debt upon the return of the machine.

Mere authority to take orders for the purchase of goods, subject to the approval of the principal, does not carry with it the

implied authority to accept a return of used goods in cancellation of a debt owing to the principal. T. H. Baker & Co. v. Kellett-Chatham Machinery Co. (Tex. Civ. App.) 84 S. W. 661; Tompkins Machinery & Implement Co. v. Peter & Sherrill, 84 Texas 627, 19 S. W. 860; 2 Tex. Jur. 447, 461.

There does not appear to have been any such holding out of the agent by the principal as would create the appearance of his authority to accept the return of the cash register in cancellaiton of the debt. The only transaction between the agent and the defendant was the one here under consideration. In this instance the agent merely took the order for the register and sent it to the home office for acceptance, and afterwards delivered the machine. The order expressly provided that it was subject to acceptance by the company at its office at Dayton, Ohio. Within a reasonable time after the cash register had been returned to the agent's office, the company notified the defendant that it would not accept a return of the cash register in cancellation of the debt. There were no other material circumstances that would create the appearance of any authority other than that actually possessed by Watkins. Under the circumstances, we are of the opinion that the defendant had no right to rely on the authority of Watkins to cancel the company's debt in return for the cash register. Tompkins Machinery & Implement Co. v. Peter & Sherrill, 84 Texas 627, 19 S. W. 860.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered December 15, 1943.

Rehearing overruled January 5, 1944.