Patrick A. **TURCOTTE** et al., Appellants,

v.

Raul **TREVINO** et al., Appellees.

No. 661.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 24, 1973.

Rehearing Denied Oct. 31, 1973.

Wood, Burney, Nesbitt & Ryan, Frank W. Nesbitt, Corpus Christi, for appellants.

Kenneth Oden, Alice, Baker & Botts, Denman Moody, Jr., Houston, Dyer, Redford, Burnett, Wray & Woolsey, S. E. Dyer, Corpus Christi, Rankin, Kern & Martinez, H. H. Rankin, Jr., McAllen, William C. Wright, Laredo, for appellees.

OPINION

BISSETT, Justice.

This is an appeal from an order of the District Court of Nueces County that dismissed appellants in a contest of the will of Sarita K. East, Deceased, on the ground that they were estopped to attack the contested will. Appellants were held by the court to be estopped for want of interest in the subject matter of the suit as a matter of law. Following their dismissal, intervenor Bishop Drury was also dismissed from the case. Thereafter, the remaining parties to the litigation settled their differences, the jury was discharged, and an agreed judgment was entered. Appellants and the Bishop timely excepted to the order dismissing them, and duly perfected their appeal from the final judgment. Subsequently, the Bishop entered into an agreed settlement and the appeal as to him was dismissed. The history of the case and the events leading up to dismissal of appellants from the lawsuit follow.

Mrs. East died on February 11, 1961, at the age of seventy-one years, leaving an estate that was valued by the Internal Revenue Service at about twenty-nine million dollars.

The suit is a will contest which challenged the validity of the will of Mrs. Sarita K. East that was made by her on January 22, 1960, and four codicils thereto, henceforth referred to as the "1960 will". Mrs. East also executed a will on December 31, 1948, and a codicil thereto, hereinafter called the "1948 will".

The appellants, plaintiffs in intervention, are Patrick A. Turcotte, Robert A. Turcotte, Louis Edgar Turcotte, Jr., John W. Turcotte, Joseph A. Turcotte, Elizabeth Stella Turcotte, children of Edgar Turcotte, Deceased, and Elizabeth A. Turcotte, his surviving wife and widow. Appellants were the sole heirs at law of Edgar Turcotte, and were his only beneficiaries under his will, which was duly probated. Intervenor Patrick A. Turcotte qualified as executor of Edgar Turcotte's estate.

The appellees, who have filed briefs in this Court, are the Alice National Bank, and the John G. and Marie Stella Kenedy Memorial Foundation, defendants in the will contest; Raul Trevino, et al, the original plaintiffs, hereinafter called "plaintiffs"; Tom East, et al, plaintiffs in intervention; and Lee H. Lytton and Stella T. Lytton, defendants in intervention.

No children were born to or adopted by Mrs. East. Among her heirs at law were Edgar Turcotte, a first cousin, and Marie Walker, a second cousin. Under the 1960 will, Edgar Turcotte was given properties that were worth something over a million dollars. Under the 1948 will, Edgar Turcotte was to receive properties that were worth more than 5 million dollars. Marie Walker was a legatee under the 1948 will; she received nothing by the 1960 will. The Foundation was the residuary devisee and legatee under the 1960 will and received properties that constituted seventy-five to eighty per cent of the gross value of the

estate; it was not named to receive anything under the 1948 will.

The record is voluminous. It numbers more than 18,000 pages. The briefs total 733 pages. 110 points of error are brought up by appellants. The rulings by the trial judge are vigorously assailed by appellants and steadfastly defended by appellees.

The "East Will" has been the subject of extensive litigation. There have been at least seven separate prior appeals concerning some aspects of this case.[1] At the time appellants intervened, 86 persons had entered the case as contestants of the will. At the time of the dismissal of appellants, that number, exclusive of appellants, had increased to one hundred fifteen.

The validity of the 1960 will is not before this Court. We are concerned only with the rights of appellants to contest that will. The primary issues presented by this appeal are whether appellants are estopped to contest the will because their predecessor in title accepted substantial benefits under the will, and whether their dismissal from the suit without permitting them to present their defensive evidence on the question of estoppel constituted a denial of due process.

The 1960 will appointed as executors, Edgar Turcotte, Sr., Jacob S. Floyd and the Alice National Bank, who filed the will for probate. It was admitted to probate by the County Court of Kenedy County, Texas, on March 6, 1961. The named executors promptly qualified as such. Following the death of Edgar Turcotte on March 18, 1963, and of Jacob S. Floyd on February 26, 1964, the Alice National Bank acted as sole remaining executor.

The 1960 will was contested on July 25, 1962, when plaintiffs Raul Trevino and thirty-nine other persons, who claimed to be heirs at law of Mrs. East, filed suit to set it aside because of fraud, undue influence and lack of testamentary capacity. Thereafter, numerous other parties intervened.

Tom East, Jr., Robert East and Alicia East intervened on November 15, 1962. They adopted the allegations of fraud, undue influence and lack of testamentary capacity as set out in plaintiffs' petition, and also alleged that in the year 1948, Mrs. East executed a will that was later modified by a codicil made in 1950, in which they and "Ed Turcotte and Stella Turcotte Lytton were named as the principal beneficiaries therein". They offered for probate the 1948 will and codicil thereto, and prayed for an order to compel the production of the originals of said instruments. On March 18, 1963, Edgar Turcotte died.

Marie Walker and others intervened on September 30, 1963, alleging that they were heirs at law of Mrs. East. They attacked the 1960 will as being void.

On December 20, 1963, Patrick A. Turcotte, individually and as independent executor of the Estate of Edgar Turcotte, Deceased, and Robert A. Turcotte, individually, intervened as plaintiffs in intervention. They challenged the 1960 will on substantially the same grounds asserted by other contestants, and also sought probate of the 1948 will. They alleged that Edgar Turcotte was a cousin of Mrs. East and was also a principal beneficiary under the 1948 will, and that appellants were the sole heirs at law and the only beneficiaries under his will. Thereafter, Patrick A. Turcotte pur-

1. Kimmel v. Lytton, 371 S.W.2d 927 (Tex. Civ.App.—Waco 1963, writ ref'd); Alice National Bank v. Edwards, 383 S.W.2d 482 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); Turcotte v. Alice National Bank, 394 S.W.2d 228 (Tex.Civ.App.—Waco 1965), reversed 402 S.W.2d 894 (Tex.); Alice Nat. Bank v. Edwards, 408 S.W.2d 307 (Tex. Civ.App.—Corpus Christi 1966, n. w. h.); Gregory v. Lytton, 422 S.W.2d 586 (Tex.Civ. App.—San Antonio 1967, writ ref'd n. r. e.); Alice National Bank v. Corpus Christi Bank & Trust, 431 S.W.2d 611 (Tex.Civ.App.—Corpus Christi 1968), affirmed 444 S.W.2d 632 (Tex.); Alice National Bank v. Trevino, 445 S.W.2d 237 (Tex.Civ.App.—Beaumont 1969, n. w. h.); Turcotte v. Trevino, 467 S.W.2d 573 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.).

chased from Marie Walker a total of 10% of her interest "in expectancy or otherwise as an heir at law or as a beneficiary under any valid will and testament of Sarita K. East, Deceased". He later assigned a portion of that interest to Robert A. Turcotte. By amended pleadings, Patrick A. Turcotte and Robert A. Turcotte sued in their original capacities and as assignees of the assigned interest.

Appellees, in reply to appellants' petition in intervention, alleged that Edgar Turcotte "during his lifetime" was mindful that he could not act as executor of the estate, accept benefits under the will and at the same time contest it, and that appellants are estopped to assert any interest adverse to the 1960 will because: (1) Edgar Turcotte made application as an executor to probate the contested will, qualified and acted as such, participated in the administration of the estate, accepted employment by the estate, received and accepted substantial benefits under the will, and went into possession of the properties devised and bequeathed to him by the will; (2) the interest acquired by Patrick A. Turcotte and Robert A. Turcotte by assignment is an estopped interest, because the person who assigned them such interest was estopped; (3) the "three Turcotte children" (Edgar Turcotte, Jr., John W. Turcotte and Joseph A. Turcotte) are estopped because they accepted benefits under the 1960 will; and (4) Patrick A. Turcotte, in his capacity as executor of the will of Edgar Turcotte, Deceased, caused to be prepared and filed with the Comptroller of Public Accounts of the State of Texas, "a judicial instrument or document in the nature of an inheritance tax return", which stated "part of the estate of Edgar Turcotte, Deceased, consisted of properties acquired from Sarita K. East, Deceased, through her valid 1960 will and codicils thereto", which constituted a "judicial estoppel".

Appellants, in their reply to appellees' pleas of estoppel, alleged that they are interested parties under the Texas Probate Code, and denied that they were not interested parties. They specially excepted to such pleadings on the ground that they were insufficient, as a matter of law, to constitute pleas of estoppel, because, among other deficiencies, there were no allegations that Edgar Turcotte or any of appellants "who purportedly accepted benefits under the terms of the will being attacked, did so with full knowledge of their rights and of the material facts affecting them". They also alleged that the properties received by their father, Edgar Turcotte, from the East estate under the 1960 will were received by him in ignorance of the facts, circumstances and conditions surrounding the execution of the 1960 will, and in ignorance of his rights to take affirmative action establishing the invalidity thereof. They tendered a return of all of the properties received under the 1960 will.

In the district court, appellees filed a motion in limine to require appellants to prove their interest in the East estate, wherein they alleged that appellants had no interest because they were estopped to contest the 1960 will. On May 4, 1970, in the district court, prior to any hearing thereon or introduction of any evidence by anyone in connection therewith, appellees withdrew the motion.

Appellees then presented a motion for summary judgment indirectly questioning appellants' interest and saying in effect that the appellants were estopped as a matter of law to contest this 1960 will. Appellants resisted the motion for summary judgment on the grounds that there were genuine issues of fact on the question of estoppel. The district court agreed and overruled appellees' motion for summary judgment.

Appellants levelled a number of special exceptions at appellees' reply to their petition in intervention. These exceptions challenged appellees' pleadings to the effect that they had not plead the essential elements of estoppel. The trial court entered an order on July 9, 1970, that carried

the exceptions with the case "for future action of the court thereon". Appellants did not object to such order, nor did they agree to it.

Trial was before the jury and commenced on July 20, 1970, and ended nine months later. Plaintiffs began putting on their evidence attacking the validity of the 1960 will. Plaintiffs rested their case on February 3, 1971. Appellants then requested that the court consider their special exceptions (on estoppel) at that point. Appellees then told the court that such matters "will not be reached for several days". Appellees then began the introduction of evidence in an attempt to uphold the 1960 will. On February 22, 1971, appellees reached the question of estoppel. Counsel for appellants again requested that the special exceptions be taken up. The jury was retired. The special exceptions (after extensive arguments) were overruled in the early afternoon of February 23, 1971. The court then stated that appellees would be permitted to go forward with their evidence on their estoppel. Appellants' objections to the introduction of such evidence were overruled. Appellees concluded their evidence on estoppel matters in the late afternoon of February 24, 1971.

The next day, February 25, 1971, both appellees and appellants presented motions to the court. Appellees' motion was entitled "Motion to Dismiss", and appellants' motion was denominated "Motion of Patrick A. Turcotte, et al, to Overrule Defendants' Motion to Dismiss Intervenors' Contest, and in the Alternative, to Permit Intervenors to Present their Evidence Creating Issues of Fact on the Estoppel Issue". Immediately after the motions were filed, the court summarily overruled appellants' motion, without permitting the appellants to introduce any evidence thereon or thereafter. Appellees' motion to dismiss appellants from the lawsuit was then granted. The jury was brought back into the courtroom and trial was resumed as to the remaining parties. On March 18, 1971, Bishop Drury was dismissed from the law

suit. On April 20, 1971, the testimony was concluded and the jury was instructed to return on May 3, 1971. The case as to all of the remaining parties was settled, the jury was discharged, and an agreed judgment was then entered on June 1, 1971.

Appellants' 110 points of error can be summarized into 5 main contentions: (1) Appellants are not estopped to contest the probate of the 1960 will because Edgar Turcotte, their predecessor in title, accepted benefits under that will; (2) Appellants are not judicially estopped to contest the probate of the 1960 will; (3) Appellees should not have been allowed to present estoppel evidence that appellants were not interested parties, because appellees failed to require appellants to prove their interest in limine; (4) Appellants Patrick A. Turcotte and Robert A. Turcotte, as assignees of a fractional interest of Marie Walker's interest, are not estopped to contest the probate of the 1960 will, because Marie Walker is not estopped; (5) Appellants should have been allowed to present their evidence refuting appellees' evidence on the question of estoppel.

After the trial court overruled appellants' objections to the introduction of evidence on estoppel, the appellees proved that the appellants received benefits under the 1960 will. This evidence included the fact that Edgar Turcotte was devised an interest in the San Pablo Ranch, which was worth several hundred thousand dollars. He went into actual possession of the ranch in December, 1961. The livestock from this ranch was sold and his share of the money was received and accepted by him during the early part of 1962. He was paid all annuities provided for in the will until July 1, 1962. The total of the annuities paid was $35,416.63. His debts ($59,999.98) to Mrs. East were forgiven, as directed by the will.

The evidence further showed that Edgar Turcotte, Jr., John W. Turcotte and Joseph A. Turcotte each accepted a deed to the premises devised to them under the

1960 will. A debt in the amount of $850.00 that was owed by John W. Turcotte to Mrs. East was forgiven.

Edgar Turcotte, as an executor of the estate, up until the contest was filed, had been paid $50,000.00 as executor's fees. An additional sum of $49,567.78 for such fees was tendered his estate after his death. But his executor, Patrick A. Turcotte, refused to accept the same.

Edgar Turcotte was ranch manager of the East Ranches at the time of Mrs. East's death, and continued in such capacity until his death. He was paid a salary of $550.00 per month until January 30, 1962, when it was raised to $10,000.00 per annum. He was paid a car allowance of $150.00 per month. During Edgar Turcotte's tenure as an executor, he actively participated in the management and control of the estate properties; he executed numerous instruments, including, but not by way of limitation, deeds and other conveyances necessary to vest in many of the beneficiaries of the 1960 will the properties that were given them by Mrs. East; he ratified oil, gas and mineral leases; he signed grazing leases and many other contracts and documents pertaining to the estate properties. He was served with a copy of the petition filed by Raul Trevino, et al, plaintiffs in the will contest. As one of the executors of the estate, he voted on August 9, 1962, to defend against the action filed by said plaintiffs.

It is undisputed in the record, and it is admitted by the appellants, that Edgar Turcotte received and accepted benefits under the 1960 will. However, all of such benefits were received by him prior to the time that plaintiffs filed the will contest on July 25, 1962. Edgar Turcotte did not receive any benefits from the will itself after the contest was filed.

At the conclusion of this evidence, the trial court in granting appellees' motion to dismiss appellants from the case found:

". . . that the uncontroverted and uncontrovertible evidence conclusively shows that the matters of Estoppel and Want of Interest of 'Intervenors Patrick A. Turcotte, et al', are matters of law for the Court. . . .

\* \* \* \* \* \*

. . . that Louis Edgar Turcotte, Sr., Deceased, and his heirs and devisees or anyone claiming by, through or under him are, under the undisputed, controlling and uncontroverted evidence adduced before this Court, estopped as a matter of law from contesting the probate . . . .."

Aside from the procedural errors, the defective pleadings, and the refusal of the trial court to admit defensive evidence on the question of estoppel (which we discuss later on in this opinion), the trial court was in error in dismissing appellants' suit in intervention, because the evidence did not show conclusively that appellants were estopped from contesting the probate of the 1960 will.

The principal question in this case is that of estoppel. The purpose of estoppel is to prevent inconsistencies that would result in an injustice. It is appellees' contention that the appellants (or their predecessors) accepted benefits under the 1960 will, electing to take under such will, and by electing to take under such will are now estopped from impeaching the instrument. Where one having the right to accept or reject a transaction takes and retains benefits thereunder, he ordinarily ratifies the transaction, is bound by it, and cannot avoid its obligation or effect by taking a position inconsistent with it at a later time. In order to create an estoppel by the acceptance of benefits, however, it is essential that the party against whom the estoppel is claimed should have acted with knowledge of the facts and of his rights. It is an indispensable requisite in order to assert the doctrine of estoppel that the person claimed to be estopped shall have had the full knowledge of the full facts at the time his conduct is alleged to be related thereto, in order to constitute

the basis of estoppel. Estoppel cannot be successfully asserted against a person who is ignorant of the facts or who acted under a mistake of facts, unless his ignorance or mistake is a result of negligence. Questions making up the elements of estoppel are normally questions of fact to be decided by a jury. Whether the facts are expressed or implied, they nevertheless, must be determined in the light of all the facts and circumstances. See 31 C.J.S. Estoppel §§ 70–71, 109 & 110(3); Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867 (1948); Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906 (1940); Gorman v. Gause, 56 S.W.2d 855 (Tex.Com.App.1933).

■ Therefore, before there can be an estoppel in this case, it is essential that the party against whom the estoppel is claimed must have acted with full knowledge of the facts and of his rights under the will, and of the material facts concerning the estate. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935); 31 C.J.S. Estoppel § 109 b, pp. 561–562; 22 Tex.Jur.2d, Estoppel, § 12, p. 676. It is an indispensable requisite that where estoppel is sustained only on the evidence of the party claiming estoppel, that party must present uncontrovertible evidence that the party against whom the estoppel is urged had knowledge of his rights, and of the material facts concerning the estate. If a judgment sustaining a plea of estoppel is to be upheld solely upon the evidence that was admitted by the party asserting estoppel (and the opposite party is denied the right to present his defensive evidence thereto), that evidence must be uncontrovertible.

"Before an estoppel can arise as a matter of law, there must be certainty to every intent, and the facts alleged to constitute estoppel are not to be taken by argument or inference". Rio Delta Land Company v. Johnson, 475 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.). "Though a person may ordinarily be presumed to know his legal rights, that presumption does not apply when the issue is his intention to elect between inconsistent rights". Martin v. Lott, 482 S.W.2d 917 (Tex.Civ.App.—Dallas 1972, n. w. h.). In Dunn v. Vinyard, 251 S.W. 1043 (Tex.Com.App.1923), the principal evidence of election to take under a will was the qualifying of Mrs. Dunn (contestants' predecessor in title) as executrix of the estate, her acts in such capacity, her knowledge of the will and its contents, her expressions of satisfaction with the will, her discussions of the will with the attorney for the estate, the probating of the will and the filing of an inventory. It was there held that such acts did not establish an election as a matter of law, but constituted evidence of an intention to elect to take under the will, which should have been submitted to the jury for determination. Election was there defined:

". . . an election means that a legatee or a devisee under a will is put to the choice of accepting the beneficial interest offered by the donor in lieu of some estate which he is entitled to, but which is being taken from him by the terms of the will. When by the express terms of the will the party is put to an election, he must make a choice regardless of the relative value of the two inconsistent rights . . ."

It was stated in Packard v. De Miranda, 146 S.W. 211 (Tex.Civ.App.—San Antonio 1912, writ ref'd):

"The doctrine of election is founded upon principles of equity and justice, and upon actual intention, and an election made in ignorance of material facts is not binding, and especially, as in this case, where no other person's rights have been affected thereby. 'So if a person, though knowing the facts, has acted in misapprehension of his legal rights, and in ignorance of his obligation to make an election, no intention to elect, and consequently no election, is to be presumed' . . . . "

In Frazier v. Wynn, 472 S.W.2d 750 (Tex.Sup.1971), it was said:

". . . there can be no ratification or estoppel from acceptance of the benefits by a person who did not have knowledge of all material facts".

It was held in Scoby v. Sweatt, 28 Tex. 713 (1866), what we believe is the general rule of law today, that the receipt of a legacy under the will does not estop the legatee from contesting the will where, at the time he accepted the benefits, he did not have full knowledge of his rights under the will, or of the material facts concerning the estate.

In a case where the fact situation and principles of law are strikingly similar to those presented by this appeal, the Supreme Court of Kansas, in Weichold v. Day, 118 Kan. 598, 236 P. 649 (1925), held that a beneficiary who, without knowledge of material facts, received and accepted benefits under the will, participated in its probate, and waited more than three years before filing his petition contesting the will, was not estopped from assailing the will where he returned the benefits. On this feature of the case, the Court held:

"It is the law, of course, that a person who, without his fault and in ignorance of facts affecting the validity of a will, has accepted benefits under it, has to return those benefits or offer to aacount therefor before he can take the initiative to set aside the will."

The Court further held that even though conditions and circumstances existed which might have estopped the beneficiary in an action brought by him to set the will aside, that he could not be excluded from participating in a will contest that was brought by others, because "once the bars were taken down for the adjudication of the property rights of other litigants" the adjudication would or could affect the beneficiary's rights. In such a situation, the Court pointedly observed:

". . . And moreover, neither equity nor good conscience required him in this lawsuit to persist in any prior inequitable attitude he may heretofore have taken, knowingly or unwittingly, against the interests of his dead sister's children through his former participation or acquiescence in the probate of the will . . . ."

In Carder v. Fayette County, 16 Ohio St. 353 (1895), quoted in 72 A.L.R. 1141, where the widow's right to elect to take under a will was governed by statute, the Court held that the election to take under the will does not estop her from contesting the will or setting up her claims as an heir at law. The Court further observed that an election to take under those circumstances would render her rights uncertain and impracticable, and said:

". . . If there is no valid will, there is no valid election, and of course no estoppel or bar. And it matters not whether the invalidation takes place before or after the election, or at whose instance it takes place. It is only in the event that the probated document, becomes established as a valid will, that her election can have any effect whatever".

We also note the comments of a Texas Court, in Smith v. Negley, 304 S.W.2d 464 (Tex.Civ.App.—Austin 1957, n. w. h.), as follows:

"Suppose, for instance, an heir other than Mrs. Smith had contested the will from the time it was offered for probate. Certainly Mrs. Smith, under these circumstances, could and must await the outcome of that litigation before being compelled to make a binding choice to take or not take under such will."

There is substantial authority in other jurisdictions that one who has accepted benefits without full knowledge of his rights or of the facts and circumstances surrounding the execution of the will, is

not thereby estopped from contesting the same.[2]

■ There is no basis for an election where the contestant does not know, at the time he accepts the benefits under a will, of the lack of testamentary capacity of the testator, and/or of undue influence and fraud practiced upon such testator in the making of the will. He can not be held to have chosen between two inconsistent rights when he knew of the existence of but the one he accepted, nor to have had the intention to reject a right of whose real or potential actuality he was ignorant. Under those circumstances, he should be permitted to revoke his acceptance and tender back the benefits, and prosecute his claim either as an heir at law where there is no prior valid will, or as a beneficiary under a prior will whose existence was unknown to him at the time he accepted the benefits.

Appellees, in their brief, state that Edgar Turcotte was present at a meeting held at the Kenedy Ranch in April, 1961, "at which time evidence of undue influence and fraud upon Mrs. East was related in some detail". The volume and page of the record cited by appellees in support of their statement does *not* show that Edgar Turcotte was present at that meeting. We have found no other evidence in the record to substantiate such statement.

■ The only evidence in the record concerning Edgar Turcotte's knowledge of his rights with respect to the 1960 will is found in the testimony of B. R. Goldapp, Trust Officer and President of the Execu-

tor, Alice National Bank, who testified that at one of the meetings of the executors of the East estate, a discussion was had between Jacob S. Floyd and Edgar Turcotte respecting Edgar Turcotte's taking properties under the 1960 will, that the later insisted on getting title "to the ranch", that Jacob S. Floyd told him "if he took title to the property, that that would bar him from any contest", and Edgar Turcotte reportedly said: "I know that". Since the Alice National Bank is an adverse party to appellants in this suit, the credibility of B. R. Goldapp is at issue, and the question of knowledge of rights on the part of Edgar Turcotte is an issue of fact for the jury, not one of law for the court. Additionally, the record does not show that Edgar Turcotte ever took title to the ranch.

There is no allegation that Edgar Turcotte ratified the 1960 will. There is no evidence that Edgar Turcotte, at the time he accepted the benefits, knew, or should have known, of the 1948 will, which gave him property that was worth more than five times the value of the property that was given to him under the contested will. The testimony of Tom East to the effect that Edgar Turcotte, at some indefinite time, told him of the 1948 will, cannot be considered for any purpose. That testimony was admitted into evidence on March 18, 1971, which was after appellants had been dismissed from the suit. This case must be decided on the record as it existed on March 1, 1971, when the order of dismissal was signed and rendered. Stephens County v. J. N. McCammon, 122 Tex. 148, 52 S.W.2d 53 (1932).

2. Schmidt v. Johnston, 154 Md. 125, 140 A. 87 (1928) ; Del Vecchio v. Del Vecchio, 146 Conn. 188, 148 A.2d 554; In re Miller's Estate, 166 Pa. 97, 31 A. 58; In re Mac Vicar's Estate, 251 Iowa 1139, 104 N.W.2d 594; Johnson v. Ellis, 172 Ga. 435, 158 S.E. 39; Gates v. Gates' Executor, 281 S.W.2d 1 (Ky.Sup.) ; In re Cassidy's Estate, 77 Ariz. 288, 270 P.2d 1079; Kelley v. Hazzard, 96 Ohio St. 19, 117 N.E. 182; Stone v. Cook, 179 Mo. 534, 78 S.W. 801; Merrill Trust Co. v. Hartford, 104 Me. 566, 72 A. 745; Watson v. Watson, 128 Mass. 152; McClure v. Wade, 34 Tenn.App. 154, 235 S.W.2d 835; Hale v. Cox, 231 Ala. 22, 163 So. 335; In re Bremer's Estate, 141 Neb. 251, 3 N.W.2d 411; In re, Covington's Will, 252 N.C. 546, 114 S.E.2d 257; Blatt v. Blatt, 79 Colo. 57, 243 P. 1099 ; Bowes v. Lambert, 114 Ind.App. 364, 51 N.E. 2d 83, 897; Medill v. Snyder, 61 Kan. 15, 58 P. 962; Barnett Nat. Bank of Jacksonville v. Murrey, 49 So.2d 535 (Fla.Sup.), 21 A.L.R. 2d 1452.

■ The executor's fees and salary as ranch manager paid to Edgar Turcotte were not benefits paid to him under the terms of the contested will, but were in payment of costs of administration and for personal services rendered the estate. Such payments do not amount to estoppel as a matter of law.

■ The facts that Edgar Turcotte joined in the application for probate of the will under consideration, voted to resist the contest that was filed by plaintiffs, and acted as executor of the estate until the time of his death, which may have probative force upon the practical construction placed by him on such will and of his rights thereunder, do not, of themselves, establish estoppel as a matter of law. There was no evidence that Edgar Turcotte was put to an election, nor is it conclusively shown that he made such an election. In this case, rights of third parties are not involved, and the intervention by appellants in the will contest (that was filed by others) did not add to appellees' burdens already existing at the time appellants intervened. Appellees suffered no injury and were not put in a worse condition because of the claims asserted by appellants. See Pryor v. Pendleton, 92 Tex. 384, 47 S.W. 706 (1898), where the court says that putting the other legatees in "a worse position" is an "essential element of estoppel upon which the doctrine of election rests". See 31 C.J.S. Estoppel § 109b, Elements, Extent & Limits of Rule.

The cases cited by appellees in their brief,[3] in support of their position that Edgar Turcotte made a binding election to take under the 1960 will when he accepted the benefits provided for him thereunder, involve factual situations that are entirely different from the case at bar. It was held in each case that the contestant had full knowledge of his rights and of all material facts surrounding the execution of the will. In some of the cited cases, the contestant was also estopped under the doctrines of estoppel by deed and estoppel by judgment. No such situation exists here.

■ The record does not conclusively show that at the time Edgar Turcotte accepted the benefits under the 1960 will he had knowledge of the facts surrounding the execution of the 1960 will, nor that he knew of his rights under the 1948 will. It therefore follows that neither Edgar Turcotte nor any of the appellants had, as a matter of law, the requisite knowledge to have made an intelligent election that would estop them from contesting the 1960 will. Since there are fact issues to be decided by the trier of facts concerning the elements making up the estoppel issues, we hold that the trial court was in error in dismissing these appellants. Appellants' points of error in this connection are accordingly sustained.

Appellees contend that the appellants are judicially estopped from contesting the 1960 will by virtue of a document filed with the Comptroller of Public Accounts. This instrument was signed by Patrick Turcotte (one of the appellants) as executor of the Estate of Edgar Turcotte. The

3. Miller v. Miller, 149 Tex. 543, 235 S.W.2d 624 (1951) ; Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147 (1937) ; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935) ; Pryor v. Pendleton, 92 Tex. 384, 49 S.W. 212, and 47 S.W. 706 (1898, 1899) ; Bumpass v. Johnson, 285 S.W. 272 (Tex.Com.App.1926) ; Lieber v. Mercantile National Bank of Dallas, 331 S.W.2d 463 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.) ; Portis v. Cummings, 14 Tex. 171 (1855) ; Atkins v. Womble, 300 S.W.2d 688 (Tex.Civ.App.—Dallas 1957, writ ref'd n. r. e.) ; Kellner v. Blaschke, 334 S.W. 2d 315 (Tex.Civ.App.—Austin 1960, writ ref'd n. r. e.) ; Von Koenneritz v. Hardcastle, 231 S.W.2d 498 (Tex.Civ.App.—Austin 1950, writ ref'd n. r. e.) ; Hardin v. Hardin, 66 S.W.2d 362 (Tex.Civ.App.—Fort Worth 1933, n. w. h.) ; Jones v. Jones, 301 S.W.2d 310 (Tex.Civ. App.—Texarkana 1957, writ ref'd n. r. e.) ; White v. Hebberd, 89 S.W.2d 482 (Tex.Civ. App.—El Paso 1936, n. w. h.) ; McWhorter v. Gray, 4 S.W.2d 302 (Tex.Civ.App.— Texarkana 1928, n. w. h.) ; Lancaster v. Burris, 352 S.W.2d 136 (Tex.Civ.App.—San Antonio 1961, n. w. h.).

document was prepared or caused to be prepared by Patrick Turcotte in connection with an inheritance tax return. It was introduced into evidence by the appellees, but it does not state in any place that the estate of Edgar Turcotte consisted of properties acquired from Sarita K. East "through her valid 1960 will and codicils" as stated by appellees. Although the appellees did not plead the essential elements of judicial estoppel, the judgment, in its broadest concept, could be construed as being based on this form of estoppel.

 Judicial estoppel arises when a party to a suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made in the case then being tried. Long v. Knox, 155 Tex. 581, 291 S. W.2d 292 (1956). No such allegations appear in appellees' pleadings. The office of the Comptroller of Public Accounts (where the affidavit was filed by Patrick A. Turcotte) is not a court. It is not vested with judicial functions. Moorman v. Hunnicut, 325 S.W.2d 941 (Tex.Civ.App.—Austin 1959, writ ref'd n. r. e.). Neither the pleadings nor the proof sustain a dismissal of appellants from the lawsuit on the ground of a judicial estoppel. Appellants' points of error 86 to 90 and 93 are sustained.

Appellees, in their motion to dismiss appellants from the lawsuit, stated that counsel for appellants had made a judicial admission "to the effect that the question of estoppel is a matter of law for the court and is not a question of fact for the trier of fact to determine". They argue that appellants cannot now contend that estoppel involves fact issues. The trial judge, in the order of dismissal, among other findings, found that the appellants "had during this proceeding, represented to the court that the questions of estoppel and want of interest were questions of law for the court".

On January 5, 1971, plaintiffs (Trevino's et al) who were still putting on their case,

started to tender evidence relating to benefits accepted by Edgar Turcotte under the 1960 will. Counsel for appellants objected on two grounds: first, that the court had not ruled on appellants' special exceptions to defendants' pleas of estoppel; and, second, that plaintiffs had not pleaded estoppel against appellants. During the colloquy between bench and bar, in connection with plaintiffs' offer of their evidence, counsel for appellant made the statement:

"I'd say that the question of estoppel is a matter of law for the court in view of the fact that it's an in rem proceeding and wouldn't dispose of the case one way or the other."

The trial court sustained appellants' objections on the ground that plaintiffs had not pleaded estoppel against them.

The case of United States Fidelity & Guaranty Co. v. Carr, 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd), lays down five rules that must apply before a statement can be held to be a judicial admission. Contained in these rules is a requirement that the statements must be deliberate, clear and unequivocal. The Court stated: "The hypothesis of mere mistake or slip of the tongue must be eliminated", and "the doctrine (of judicial admission) should be applied with caution". The rules announced in that case were again approved by the Supreme Court in Griffin v. Superior Insurance Company, 161 Tex. 195, 338 S.W.2d 415, 419 (1960).

We have carefully examined the record with particular attention to what was said, both immediately preceding and following the making of the statement, the matters before the court at that moment, and the theories then being espoused by counsel for the respective litigants. Counsel for appellant never stated that the question of "want of interest" was a matter of law. On January 5, 1971, when the statement was made, counsel for appellants was resisting the offer of evidence that was being made by plaintiffs, not by appellees. Since plaintiffs had not pleaded estoppel

against appellants, the issue of estoppel, at that particular time, as between them, was a law question. When the record is reviewed in proper context and in perspective, it is evident that the statement was tied absolutely to appellants' often asserted position "my special exceptions set forth the exact reasons why they (estoppels) are matters of law and do not involve matters of fact in any respect". Counsel for appellants clearly took the position first, that estoppel is not in the case as a matter of law because of defective pleading, and, second, if the essential elements of estoppel were properly pleaded, that the alleged estoppels involved questions of fact. There is no reason to assume that the trial court, or appellees for that matter, were misled by counsel's statements.

With the record in this posture, we are compelled to hold that the statement was not a judicial admission, as asserted by appellees in their motion to dismiss appellants, and further, that it did not constitute a representation that justifies the finding that is set out in the Court's order of dismissal as a basis, in part, for the court's ruling that the questions of "estoppel and want of interest were questions of law".

We next consider whether appellees' pleadings of estoppel are legally sufficient to constitute valid pleas thereof. Estoppel is an affirmative defense which is required by Rule 94, Texas Rules of Civil Procedure, to be specifically pleaded. No intendments are made in favor of such a plea, no inferences are to be drawn from the allegations constituting such plea, and it is incumbent on the pleader to plead and prove all facts essential to its existence with particularity and precision. Concord Oil Co. v. Alco Oil & Gas Corp., 387 S.W. 2d 635 (Tex.Sup.1965); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Eggleston v. Humble Pipe Line Company, 482 S.W.2d 909 (Tex.Civ.App. —Houston 14th Dist. 1972, writ ref'd n. r. e.); 22 Tex.Jur.2d, Estoppel, § 20, p.

691. As we have already held, two of the essential elements of an estoppel to contest a will because of an election, are that the one who is sought to be estopped must have had: (1) knowledge of his rights, and (2) knowledge of all material facts at the time he accepted the benefits. Appellees' pleadings do not contain any such allegations, and without them, their pleadings were legally insufficient to constitute valid pleas of estoppel against appellants. Accordingly, it was reversible error to overrule appellants' special exceptions leveled at appellees' failure to plead the above elements of estoppel. Webster v. Isbell, 128 Tex. 626, 100 S.W.2d 350 (1937); Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822 (Tex.Com.App.1923); Reyes v. Smith, 288 S.W.2d 822 (Tex.Civ.App.—Austin 1956, writ ref'd, n. r. e.); Jernigan v. O'Brien, 303 S.W.2d 515 (Tex.Civ.App.— Austin 1957, n. w. h.). It follows, therefore, that evidence concerning estoppel was improperly admitted over appellants' objections. National Cash Register Co. v. Wichita Frozen Food Lockers, 172 S.W.2d 781 (Tex.Civ.App.—Fort Worth 1943), affirmed 142 Tex. 109, 176 S.W.2d 161. Appellants' points of error (1) relating to the overruling of these special exceptions for failure of appellees to plead the aforesaid elements of estoppel, and (2) to the improperly admitted evidence, are sustained.

The original plaintiffs, (Raul Trevino, et al) and the intervenors, Tom East, et al., all of whom are appellees herein, contend by counterpoints that appellants are barred by the two-year limitation provision of Section 93, Texas Probate Code, V.A.C.S., because they first intervened in the will contest more than two years after the 1960 will was probated.

The entire proceedings of administration of an estate of a decedent, from the filing of the application to probate a will until the decree probating it becomes final, are proceedings in rem. Section 2(e), Texas Probate Code, V.A.C.S.; Masterson v. Harris, 107 Tex. 73, 174 S.

W. 570 (1915). "An in rem judgment, such as the order which admitted the will in question to probate, is binding upon the whole world and specifically upon persons who have rights or interest in the subject matter". Ladehoff v. Ladehoff, 436 S.W. 2d 334 (Tex.Sup.1968). The issues in the proceedings to probate a will are the competency of the testator to make a will, and whether the instrument propounded for probate is his will. The judgment probating a will is not for or against any person, but determines the status of the subject matter of the proceeding; and, when it duly establishes the instrument as the last will of the decedent, is conclusive upon everyone. Masterson v. Harris, supra.

■ The pleadings show that appellants possessed the necessary interest in the East estate that authorized their participation in the contest. See Section 3(r), Texas Probate Code, V.A.C.S. Since a probate judgment, such as the one here in question, is binding upon everyone until it is set aside by a proper order, any interested party, under Section 93 of the Code, may contest the judgment by instituting a suit within two years after the will was admitted to probate. A proper contest was filed in the instant case by interested parties within the time limited therefor when Raul Trevino, et al, challenged the validity of the contested will by institution of suit on July 25, 1962.

■ It is firmly established in this State that the timely institution of a suit to contest a will that has been admitted to probate, by a person who comes within the statutory definition of "interested persons", precludes the defense of limitations against other interested persons and contestants who would otherwise be barred. Buchanan v. Davis, 12 S.W.2d 978 (Tex.Com.App. 1929); Buchanan v. Davis, 43 S.W.2d 279 (Tex.Civ.App.—Waco 1931), opinion adopted by the Commission of Appeals in 60 S.W.2d 192 (1933); Owens v. Felty, 227 S.W.2d 379 (Tex.Civ.App.—Eastland 1950, writ ref'd); Strasburger v. Compton,

324 S.W.2d 951 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.); 37 Tex. Jur.2d, Limitations of Actions § 122, pp. 283–284.

The filing of the suit by plaintiffs tolled the running of the statute of limitations with respect to the rights of these appellants to intervene in the suit. Appellants may maintain their contest even though they intervened more than two years after March 6, 1961, when the contested will was probated, and even though they would be barred by the two-year statute of limitations if they had instituted their suit in a separate action.

The Leatherwood v. Stephens decisions, reported in 295 S.W. 236 (Tex.Civ.App.—Waco 1927) and in 24 S.W.2d 819 (Tex. Com.App.1930), relied upon by said appellees, are not in point on the facts relating to the bar of limitations. There, the contest was not filed by interested persons. Here, plaintiffs were interested parties. The counterpoints asserted by plaintiffs and the East intervenors are overruled.

There is a procedural reason why the judgment of the trial court should be reversed and the cause remanded. Appellants' "want of interest," which the trial court stated was a reason for appellants' dismissal, was not properly challenged in limine.

Section 3(r) Texas Probate Code, V.A. C.S., defines interested persons to mean "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate". See Laros v. Hartman, 152 Tex. 518, 260 S.W.2d 592 (1953).

Appellants maintain that appellees waived any right to assert that they were not interested persons in the East estate, because appellees failed to present their evidence with respect to appellants' lack of interest in limine, and prior to the commencement of the trial of the case on its merits.

Appellees contend that the question of appellants' lack of interest was raised by

their pleas of estoppel, that this question was properly presented by their motion for summary judgment, and that having raised the issue, were entitled to present their evidence thereon after issue was joined during the trial on the merits of the case. We disagree.

Some seven months after trial on the merits of the will contest had commenced, the appellees, over appellants' proper objections, began to introduce their evidence on the estoppel issues. And this was after the plaintiffs had rested and after the appellees had spent almost three weeks in rebutting the plaintiffs' evidence on the matter pertaining to the validity of the will. At the conclusion of appellees' evidence relating thereto, appellees presented their motion to dismiss appellants from the case. The trial court determined that appellants were conclusively estopped from maintaining their will contest and, therefore, lacked the necessary interest to make a claim against the estate. Whereupon, the court granted appellees' motion.

█ It has long been the rule that the question of interest vel non of a contestant in a will contest, should be raised in limine by the proponents of the will. The issue of interest should then be tried separately, and in advance of a trial of the issues affecting the validity of the will. Womble v. Atkins, 160 Tex. 363, 331 S.W.2d 294 (1960); Chalmers v. Gumm, 137 Tex. 467, 154 S.W.2d 640 (1941); Newton v. Newton, 61 Tex. 511 (1884). The burden is upon every person who opposes the probate of a will to allege, and if required, prove, that he has some interest in the estate of the testator; however, the proponents of the will must by timely demand, put contestants upon proof of the facts relating to their interest. Abrams v. Ross' Estate, 250 S.W. 1019 (Tex.Com.App.1923). Womble v. Atkins, supra. That inquiry is nonetheless a trial of the issue of interest and should be held separately and in advance of a trial of the issues affecting the validity of the will. Womble v. Atkins, supra.

█ Prima facie, appellants' pleadings were legally sufficient to clothe them with the necessary "interest" to contest the will. Appellees admitted that Edgar Turcotte, initially, was a person interested in the East estate. But, they argue, in effect, that his interest was relinquished by his acts as an executor of the 1960 will, and by his acceptance of benefits under that will. This, they say, estopped appellants from contesting the will. Had the motion to require appellants to prove their interest been presented to the trial court in limine, appellants would have been required to put on proof "then and there", in an in limine proceeding that their interest had not been relinquished. Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210 (1960); Abrams v. Ross' Estate, supra; Womble v. Atkins, supra. Failure of appellants to present such proof, in compliance with the demands of appellees, would have been sufficient ground for their subsequent dismissal from the merits of the will contest. Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037 (Tex.Com.App.1929). The withdrawal of the motion by appellees, however, relieved appellants of any duty or obligation to go forward with any evidence concerning their interest in the estate, absent any other challenge in limine. The questions presented by appellees' motion to require appellants to prove their interest and by appellants' reply and exceptions thereto were, therefore, rendered moot.

The question of law presented by the motion for summary judgment could be determined only upon a conclusive resolution of triable facts. The overruling of the motion only had the effect of determining that there were triable fact issues with regard to appellants' interest. Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955). Immediately thereafter and at that point, the trial court should have heard the appellants' exceptions to the pleadings. Appellants' rights to contest the will were not otherwise challenged until seven months later when appellees presented their evidence on their pleas of estoppel.

Presenting a motion for summary judgment which is ultimately overruled does not adequately raise the question of "want of interest" in a will contest in limine. If the motion had been sustained and appellants had been dismissed from the lawsuit, then the question of appellants' interest would not only have been adequately raised but it would have been settled prior to joining issue on the merits of the suit. Such a judgment would have been final and appellants could have tested it on appeal. Womble v. Atkins (supra). That is not the case here. Appellees' motion for summary judgment, together with the affidavits attached thereto, asserted that Edgar Turcotte made an election (by acceptance of benefits) to take under the will, and as a result thereof, appellants were estopped to contest the will. The appellees' affidavit raised genuine issues of fact. The court considered all of the summary judgment evidence, and determined that the evidence so presented did not show conclusively that appellants were not interested parties. They were held, in effect, to be interested parties. The motion for summary judgment did not require appellants to *prove* that they were "persons interested".

In this case, appellants' interest was not effectively challenged until appellees erroneously introduced their evidence on the estoppel issues pleaded by them against appellants near the end of the trial on the merits. Call it what you may, this evidence, and it alone, brought about the dismissal of appellants because of the trial court's finding that as a matter of law, they were not interested parties in the estate, and, accordingly, were estopped (for want of interest) to maintain their contest. If appellants have no interest in this litigation and "they are mere meddlesome intruders and interlopers", as alleged by ap-

pellees in their motion to dismiss appellants, the issue of appellants' interest should have been tried in advance of the trial of the issues of the validity of the will, as directed by the Supreme Court in Womble v. Atkins, supra, Chalmers v. Gumm, supra, Newton v. Newton; Abrams v. Ross' Estate, supra. Procedurally, appellees did not properly set the stage to require appellants to prove that their interest had not been lost, surrendered or relinquished by the acts of Edgar Turcotte. They, in effect, waived that right.[4] Consequently, they did not have a right to later on challenge appellants' interest on the grounds of the alleged estoppel by introducing evidence on their pleas of estoppel after trial on merits of the suit had commenced. It was reversible error to admit such evidence at that time and under the circumstances there presented. Any other holding would require us to ignore the rules announced by our Supreme Court in the foregoing cases. Appellants' point of error 108 is sustained.

Appellees also plead that Patrick A. Turcotte and Robert A. Turcotte, in their capacity as assignees of Marie Walker, were estopped to contest the will because Marie Walker was herself estopped. It is without dispute in the record that Marie Walker is an heir at law of Mrs. East as well as one of the beneficiaries entitled to share in a $20,000.00 legacy bequeathed by the 1948 will. As such, she holds the necessary justiciable interest in the East estate to maintain the will contest, and did, in fact, do so.

It is settled law in this State that the heirs, devisees and legatees of a decedent may validly assign all or any part of their rights and interests in a decedent's estate to another person. Morris v. Halbert, 36 Tex. 19 (1891); Geraghty v. Ran-

---

4. "I have announced previously, and I announce now, that we waive, or did not present a new motion in limine for proof of heirship or proof of interest. We didn't require that in this court."

This statement was made by counsel for the appellees on February 3, 1971, about the time the plaintiffs rested and before appellees put on any evidence.

dals, 224 S.W.2d 327 (Tex.Civ.App.—Waco 1949, n.w.h.); 20 Tex.Jur.2d, Descent and Distribution, § 33, p. 116. An assignee of an heir at law or of a devisee or legatee of a decedent has a right to prosecute a will contest to set aside a will which prejudicially affects the rights or properties transferred by the assignment. Dickson v. Dickson, 5 S.W.2d 744 (Tex.Com.App. 1938).

The rule is set forth in 23 Am.Jur.2d, Descent and Distribution, § 36, p. 782, as follows:

" . . . Estoppels, where operating against the ancestor, do not operate against his heir as to property not inherited from the ancestor but acquired from an independent source. Hence, an heir is not bound by such an estoppel with respect to property taken by purchase, or devise, or inheritance from one other than the particular ancestor".

In Abrams v. Ross' Estate, 250 S.W. 1019 (Tex.Com.App.1923), the will contestant had acquired two rights, through different sources, to maintain a will contest. He sued on the basis of both rights. The court held that he was entitled to maintain the will contest if either right be valid, saying:

" . . . They were not required to rely upon one or the other. If either title pleaded showed in them any interest in the estate of Sarah Ross, in the absence of the probate of her will, they were entitled to contest such probate. . . ."

▇▇ Neither Patrick A. Turcotte nor Robert A. Turcotte was named as a legatee or devisee in the 1960 will. They, having accepted no benefits under Mrs. East's will, are not personally estopped from contesting the will because of any acceptance of benefits under the 1960 will. The acceptance by them of benefits under Edgar Turcotte's will does not place them in the position of having personally accepted benefits under Mrs. East's will. They had a legal right to maintain their contest because of their interest in the East estate inherited by them from their father, and also because of the interest acquired by them by purchase from Marie Walker. They plead both titles. Therefore, they were entitled to assail the 1960 will if either title pleaded showed in them any interest in the East estate. There is no evidence that Marie Walker was estopped. Appellees' allegation that Patrick A. Turcotte and Robert A. Turcotte are estopped because their assignor was estopped is not supported by proof. The issue of whether they were estopped because of Edgar Turcotte's acceptance of benefits under the 1960 will was an open question at all times material to this appeal. There is no basis for an estoppel, as a matter of law, against Patrick A. Turcotte and Robert A. Turcotte on the specific ground asserted by appellees. Appellants' points 67, 68, 69, 70, 72 and 76 are sustained.

On February 25, 1971, the appellees filed their motion to dismiss appellants' and appellants filed their motion that appellees' motion be overruled, and, in the alternative, that they be permitted to introduce evidence on the estoppel issues. Appellants' motion was overruled without allowing them to introduce any evidence. Appellees' motion was granted.

Appellants contend that such ruling was fundamentally erroneous in that it amounted to a denial of due process of law, and the resulting dismissal was a denial of due process of law. They claim that it is impossible for the trial judge to determine, as a matter of law, what "uncontroverted facts" he was going to consider as being "uncontroverted" and "uncontrovertible" so as to form the basis of his ruling by hearing only one side of the evidence and refusing to hear the other side.

We conclude from the record that the offer of the court to appellants to present their estoppel evidence, which was made on February 24, 1971, was made at a time when appellants were under no obligation

or duty under the court's previous order of proceeding to proceed with their evidence. At the time the offer was made, it was apparent that counsel for all parties, with the exception of counsel for appellees, were of opinion that appellees' pleas of estoppel were being urged against all contestants. In that case, appellants, under the existing order of July 20, 1970, were not required to present their estoppel evidence until the plaintiffs, intervenors Andrew J. Turcotte, et al, and intervenors Robert C. Putegnat, et al, had concluded their evidence thereon. Appellants insisted on that order of proceeding. Up until that time, the court had been fully ready to hear estoppel evidence from the other contestants, but upon learning that only appellants were affected by the motion to dismiss, without *then* offering the appellants an opportunity to present their evidence, immediately announced that he would hear appellees' motion to dismiss the next morning. Counsel for appellants promptly requested the court for permission to present their estoppel evidence prior to the hearing on the motion to dismiss. That permission was denied.

■ Rules 262 and 265, T.R.C.P., do not authorize the trial court to render a judgment against a party to a lawsuit before he has had an opportunity to present his evidence on disputed issues of fact. Oertel v. Gulf States Abrasive Manufacturing, Inc., 429 S.W.2d 623 (Tex.Civ.App.—Houston 1st Dist. 1968, n.w.h.); Gibson v. Shaver, 434 S.W.2d 462. (Tex.Civ.App.—Tyler 1968, n.w.h.).

■ It is fundamental that the due process clause in the Federal Constitution assures a full hearing before the court, commission or other tribunal, empowered to perform the judicial function invoked. That includes the right to introduce evidence at a meaningful time and in a meaningful manner and have judicial findings based upon it. United States Constitution, 14th Amendment, § 1; Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Jenkins v. McKeithen, 395 U.S.

411, 89 S.Ct. 1843 (1969); Baltimore & Ohio Ry. Co. v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209 (1936); Saunders v. Shaw, 244 U.S. 317, 37 S.Ct. 638, 61 L.Ed. 1163 (1916). That rule applies to all trials and all judicial hearings of every kind and nature. The right of a litigant to present evidence in support of his case is not left to the discretion of the trial court. That right is unqualified and absolute. Texas Constitution, Article I, § 19, Vernon's Ann.St.

In the instant case, the trial judge did not base his judicial finding of estoppel on any evidence that appellants requested him to hear. He could not have done so, because he ruled and dismissed appellants from the case before the evidence was presented to him on bill of exceptions. That is made perfectly clear from the recitals in both the order of dismissal and in the judgment. Since the judgment entered in this case certifies that the trial judge refused to allow appellants to present any evidence at the hearing on the estoppel matters, and that appellants duly objected to this action, there is no necessity for a bill of exception and the judgment must be reversed. Denial of due process appears upon the face of the judgment. Appellants' points 109 and 110 are sustained.

■ Our holdings herein might be construed to require a reversal and rendition on the procedural question of interest. See Chalmers v. Gumm, 137 Tex. 467, 154 S.W.2d 640 at page 643, key (3). However, appellants do not pray for rendition in this appeal. Even if they did, we believe that there are factual questions raised on the issue of interest which require a trial. It is obvious that the case was tried by appellees on the wrong procedural theories. Therefore, it appears to us that justice of this case demands another trial. Morrow v. Shotwell, 477 S.W.2d 538 (Tex.Sup. 1972), and the many authorities cited therein. In remanding the case for retrial, we instruct the trial court to try all of the procedural questions including the

**724**

issue of interest separately and in advance of a trial on the issues involving the validity of the will. Womble v. Atkins, supra, and Chalmers v. Gumm, supra.

We have considered all of the points and counterpoints of error. All of appellants' points of error not discussed and those that are inconsistent with this opinion are overruled. All of appellees' counterpoints and those urged by Raul Trevino, et al, Tom East, et al, and Stella T. Lytton are overruled. The judgment of the trial court dismissing appellants from the suit is reversed and the cause insofar as it affects appellants is remanded for a new trial.